Sept. 1840

The Albany
City Bank
v.
Schermer-
horn and
others.

The Bank of
Monroe
v.
the same.

</div>

---

## The Albany City Bank *vs.* Schermerhorn and others.

## The Bank of Monroe *vs.* the same.

The filing of a creditor's bill creates a lien upon the choses in action and equitable assets of the judgment debtor, but not upon his personal property tangible by execution.

The appointment of a receiver upon a creditor's bill, and the perfection of such appointment, vests in the receiver the personal property of the judgment debtor, so that no subsequent execution in favor of another judgment creditor, can reach it; and no assignment by the judgment debtor to the receiver, is necessary to vest such title in the receiver as against a subsequent judgment creditor.

A receiver. by virtue of his appointment, acquires the right to the possession of the property of the judgment debtor; and an assignment from the judgment debtor is only necessary to enable him to enforce such rights.

A service of a copy of the order of the appointment of receiver upon the tenant of real estate of the judgment debtor, is only necessary as between the receiver and tenant, to enable the receiver to bring the tenant into contempt; but no stranger to the suit can urge the want of service of such order.

The same is true in relation to an attornment by the tenant to the receiver. This is wholly between those parties, the tenant and receiver, and no third person can object that it has not been made.

A sheriff who levies upon personal property of a judgment debtor in the hands of a receiver, under an execution issued subsequently to the appointment of the receiver being perfect, is liable to an attachment for contempt—the property being in the custody of an officer of the court of Chancery.

Sept. 1840

The Albany
City Bank
v.
Schermer-
horn and
others.

The Bank of
Monroe
v.
the same.

THESE two causes are creditor's bills. A recei-
ver was appointed in each of them. The appoint-
ments were perfected by giving bond, &c. A part
of the property of the defendant consisted of lands
rented by the defendant on shares, i. e. he was to
receive a proportion of the crops. Subsequent to
the perfection of the appointment of receiver, a judg-
ment creditor of the defendant had levied upon the
share of the defendant's crops, by virtue of execu-
tions issued to the counties of Monroe and Orleans.
No assignment had ever been made by the defen-
dant to the receiver; no copies of the order of ap-
pointment of receiver had been served upon the te-
nants occupying the farms; and no attornment had
been made by them to the receiver. The receiver,
after his appointment, had called upon the tenants,
and most of them had recognised his right to receive
the defendant's share of the crops. Some of them
had refused. The motion now pending is for an at-
tachment against the sheriffs of Monroe and Orleans,
for levying upon the defendant's share of the crops
on the farms in those counties.

*G. H. Mumford*, for complainants.

*S. B. Jewett*, for judgment creditor and sheriffs.

THE VICE CHANCELLOR. The sheriffs or judg-
ment creditor insist upon three points in this cause
and upon this motion :

1. That the judgment debtor has not assigned or
executed an assignment of his property to the recei-
ver.

2. That the receiver has not served upon the te-
nants copies of the order appointing him receiver.

3. That the tenants have not, in point of fact, attorned to the receiver.

These points make it necessary to consider and decide the nature and effect of creditor's bills.

The preliminary argument of the counsel for the defendant, is sound.

A bill may be filed to remove obstructions upon real or personal estate. But the filing of such a bill creates no lien. The lien, in such case, is created by the judgment or execution as the case may be, depending upon the fact whether the property is real or personal. When a creditor issues an execution and it is returned unsatisfied, he may file a bill to reach the choses in action and equitable assets of the judgment debtor. The mere filing of a bill creates a lien upon such assets. But such is not its operation upon personal property tangible by execution. Indeed, by one of the rules of this court, an injunction issued upon such a bill, shall not be construed to prevent another judgment creditor who has a judgment against the defendant, from levying upon any property which his execution can reach or which may be discovered by him. So that if a creditor's bill is filed, its operation by the filing is simply a lien upon the equitable assets of the judgment debtor. Another judgment creditor may levy upon and sell any personal property of the debtor which he can find, and that, notwithstanding the filing of the creditor's bill. This is true until a receiver is appointed upon the creditor's bill. After a receiver is appointed upon a creditor's bill, and after his appointment becomes perfect by giving security, and he has thus become legally entitled to the possession of the debtor's property, it may be a question whether another judg-

Sept. 1840.

The Albany City Bank v. Schermerhorn and others.

The Bank of Monroe v. the same.

Sept. 1840.

The Albany
City Bank

v

Schermer-
horn and
others.

The Bank of
Monroe
v.
the same.

ment creditor of the defendant can interfere with the property of the debtor. That is the question presented here. The counsel for the defendant insists that until there is an assignment by the judgment debtor to the receiver, (an assignment which can be compelled,) the property of the debtor is not divested and does not pass to the receiver. These creditor's bills are the creatures of our statute. They are in some sense new to our laws, though carrying out a previous equitable principle. I apprehend, with the counsel for the defendant, that they create no lien by the filing thereof, upon any personal property of the judgment debtor which can be reached by a judgment at law ; but I apprehend that when the bill is so far matured as to authorise the appointment of a receiver, and that appointment has in fact been perfected, that such appointment in and of itself vests the property of the judgment debtor in the receiver. It is true that an actual assignment may sometimes be wanted and which can always be enforced, to enable the receiver to recover property in the hands of third persons. But with this no stranger to the suit has any thing to do. The receiver, by virtue of the appointment, has a right to the possession of the property. He may require an assignment to exercise his rights, but the order gives him the right. As against other persons he has the right of possession. It is in his custody as an officer of the court; and if any stranger interferes, he will be restrained, nay, attached by this court as for a contempt. An actual assignment by the judgment debtor is not necessary. It cannot always be enforced. The judgment debtor may abscond, or remove from the state and beyond the reach of the process of its courts, and then the

complainant would be remediless. This cannot be tolerated. At least the order for the appointment of a receiver, and its perfection by the receiver's giving security, is so far operative that it prevents, after that event, any person's taking the property or interfering with the property so declared to be in the possession of the receiver. After such an event, the property is in the custody of the court, through one of its officers and by virtue of an order of the court; and an assignment by the judgment debtor cannot be necessary to transfer the title to the receiver. Besides, there is another rule of the court of Chancery which may have an operative influence here, viz. that what is agreed to be done or ordered to be done, shall be considered as done. If this rule was not applicable here, there are many cases in which a vigilant judgment creditor would be deprived of the fruits of his vigilance, which it seems to me to be the intent and policy of the statute to give him.

Sept. 1840

The Albany
City Bank
v.
Schermer-
horn and
others.

The Bank of
Monroe
v.
the same.

This disposes of the first question.

The second question or point may be dismissed with a single remark. A service of a copy of the order of appointment of receiver upon the tenants, can be only necessary as between them and the receiver, to enable the receiver to bring the tenants in contempt if they do not obey it. No third person can reasonably set up this objection, as it is a matter with which a third person has nothing to do; and a service is unnecessary as between the tenant and receiver, even when the tenant acknowledges the authority of the receiver, and agrees to pay to him.

Neither do I apprehend that in a controversy between the receiver and a third person, it is necessary for the receiver to show an actual attornment of the

Sept. 1840.

The Albany
City Bank
v.
Schermer-
horn and
others.

The Bank of
Monroe
v.
the same.

tenants to him.   There are many cases where it may be necessary and proper to insist upon such attornment as between the receiver and tenant, or to prevent the tenant from paying or doing any act to the injury of the receiver, or to enable the receiver to enforce the payment of rent as against the tenant; but I apprehend a third party cannot object to the title of the receiver simply for the want of an attornment to him by the tenants.

This is a case where a third party, a judgment creditor of the debtor in the creditor's bill, claims to have acquired a lien upon the property of the judgment debtor by a levy upon it after a receiver had been appointed under the creditor's bill.   It is a contest between two creditors.   From the foregoing intimations it will be perceived that the opinion of the court is, that the complainants in these suits, by the filing of their bills and the appointment of a receiver under them, have acquired a priority as against other judgment creditors, so far as choses in action and personal property is concerned.   By the appointment of the receiver and perfection of the appointment, the property passes under the control of the court ; and the receiver, as its officer, must, by virtue of such appointment, be deemed to be in rightful possession of the property of the judgment debtor, at least as against other judgment creditors.   Being in such possession, no other person can interfere with it without a contempt of this court.   If any other person has a just and valid claim, he can obtain the fruits of it by applying to this court by petition.   The claim of the subsequent judgment creditor here, can in that way be decided; but the validity of his claim is not, on this motion, presented to the court in a proper

shape. When it is so presented, it will be time <span>Sept. 1840.</span> enough to decide it. The sheriffs of the counties of Monroe and Orleans have been guilty of a technical contempt. Attachments must issue against them, upon which they are to be holden to bail in $1,000 each, unless they shall, within twenty days after service of such order and a copy of the taxed bill of costs of this motion, restore the property levied upon by them, to the receiver, and pay such costs.