THE UNITED STATES, APPELLANTS, v. THOMAS H. PATTERSON.

A claimant of a share of the grants spoken of in the preceding case, having failed to produce evidence of the right of his grantor to convey to him, cannot have a decree in his favor.

A person cannot intervene here who was no party to the suit in the District Court. And even if the practice of this court sanctioned such intervention, there is nothing to show his right to do so in this case.

THIS was a branch of the preceding case. The original title and the lands were the same. Patterson claimed under a deed executed on the 21st of November, 1836, by the heirs of William Barr, deceased; but the deed purported to be executed by their attorney in fact, Robert Thompson.

The cause was argued by the same counsel who argued the preceding case, with the addition of *Mr. Lawrence*, who claimed to intervene on behalf of the heirs of Joseph Piernas.

*Mr. Lawrence*, in support of this claim, alleged that,—The petitioners rely upon a conveyance of Jacinto Mora to Barr, Davenport, and Murphey, bearing date the 22d day of July, 1805. This is the only title they set up in their petition to the Ormegas tract.

During the progress of the cause they offered in evidence a conveyance from Jacinto Mora to Joseph Piernas, bearing date the 25th of April, 1796, a paper purporting to be a conveyance from Piernas to Vitor Portia, dated 30th August, 1804, and a conveyance from Portia to Davenport, dated in the year 1818.

All of these instruments of writing are in due form, except the most important one, viz., that purporting to be from Piernas to Portia, which was not authenticated by a notary or other officer, is not taken from any legal depository, nor recorded in the land-office, and in which neither the handwriting of the witnesses nor of Piernas is proved, nor the witnesses produced or their absence accounted for. In short, there is no proof at all of the genuineness of the paper, but it is left for the court to judge of the genuineness of the signature of Piernas.

Now, it will be at once perceived that if there were no defect in the chain of title from Piernas to Davenport, this would have been the elder and better title to Davenport as to the Ormegas tract; and yet, though the conveyance to Davenport of Piernas's interest was in 1818, and this petition was filed in 1845, it is not even alluded to in the petition.

It will be seen, from the extract from vol. 3, American State Papers, (Rec. 46,) that as late as 1815–16, Piernas made claim

to this land before the board of commissioners, and no claim was made by Vitor Portia.

In 1824–5 the same land was recommended for confirmation, but was never actually confirmed by Congress. Piernas had in the mean time died, and his heirs were young children, living in poverty and obscurity. (See letter of Hayward, Rec. 172; also Report to Commissioner, Rec. 213.)

The heirs of Piernas deny that he ever signed the paper to Portia, and aver that it is entirely fictitious.

Full notice of the claim of Piernas was before the court below, for the petitioners introduced his title themselves. It was, therefore, fully within the competency of the court below, if they perceived, from the record, title in Piernas to the Ormegas tract, and had no legal evidence before them of his having parted with that title, — to have reserved the rights of Piernas's heirs in their decree; and it is respectfully submitted, that it is within the power of this court (should the validity of the grant be affirmed) to protect those rights, so far as they appear in the present record.

In the case of Cunningham and Ashley, (14 How. 377,) this court interposed *meso motu*, to save the new Madrid title. Here an older title is introduced. The act of Congress says the court is to decide on evidence brought in by any person other than the parties to the suit. If so, it is proper to intervene here. The deed from Piernas to Portia had never been recorded, and the court below had no right to receive it.

*Mr. Baldwin*, in reply to *Mr. Lawrence*, made the following points: —

1. That the great lapse of time raised a strong presumption against this claim.

From 24th day of April, 1818, when, as appears by the record, Piernas conveyed his interest in that tract to Samuel Davenport, no claim has ever been set up to this land, either by Piernas or his heirs, until now, notwithstanding they reside in New Orleans, where their suit was tried at great length in the court below.

2. That the claimants under Piernas cannot intervene in this court, it being a court of appellate jurisdiction.

3. That the deed from Piernas, being an ancient deed under the laws of Louisiana, proved itself.

4. That it was regularly proved — the testimony of Crusat, as to the signature of Piernas, having been taken without objection in the court below.

5. That this court will not undertake to settle the rights of parties in interest, but leave them to litigate their rights in the court

below, or in the State tribunals; and that whatever judgment the court might pronounce in this matter, it would not be conclusive between the parties.

Mr. Justice CAMPBELL delivered the opinion of the court.

This appeal was taken from a decree of the District Court of the United States for the Eastern District of Louisiana.

The appellee claimed in the District Court a confirmation of the grants for the La Nana and Los Ormegas tracts of land, in which, he asserted an interest as an assignee of the heirs of William Barr, one of the members of the firm of William Barr & Co., in which they had been vested.

The questions of law and fact, arising in this case, are the same as those determined in the case of the United States *v.* Samuel Davenport's Heirs, in so far as they concern the validity of the grants.

The evidence of the purchase by the plaintiff from the heirs of Barr is not sufficient. No power of attorney appears in the record to Thompson, who made the conveyance to the plaintiff in their name. It is therefore proper that the decree that shall be entered shall be without prejudice to their right, and this opinion is filed in order that this judgment of the court may be understood. The operation of the judgment will be, to perfect the title for the benefit of the legal representatives of William Barr.

In this cause, as well as in that of the United States *v.* Samuel Davenport's Heirs, a motion was submitted on behalf of the heirs of Joseph Piernas alleging that a deed from Joseph Piernas to Victor Portia, dated the 30th August, 1804, being a link in the title to the Ormegas grant, was not sufficiently proven, and suggesting that it was not a genuine deed, and praying for leave to intervene in this suit to sustain their rights to this property.

The court is of opinion that the motion cannot be allowed. The plaintiff commenced his proceedings to assert his own claims against the United States. Those proceedings can neither benefit nor injure the persons interested in this motion, for they are not parties to the cause. The period for the assertion of a claim under the act of Congress of 17th June, 1844, has expired. Neither in the District Court nor in this court would it be lawful for persons, who failed to avail themselves of the benefit of that act during its operation, to intervene for the purpose of establishing a right under grants like these, after its expiration, in a suit commenced by other persons.

In looking through the record, we find no fact to authorize the belief that the heirs of Piernas have any title to the lands em-

braced in these grants. If, therefore, it was compatible with the constitution and practice of this Court, for a person to intervene here in a litigation, to which he was no party in the court of original jurisdiction, we find nothing to authorize it in the present instance.

The decree will be entered here to conform to that pronounced in the suit of the United States v. Davenport's Heirs, with the direction that the confirmation shall be for the use of the legal representatives of William Barr, deceased.

## Order.

This cause came to be heard on the transcript of the record from the District Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is the opinion of this Court that the grants set forth in the record are valid grants, and so much of the decree of the District Court as confirms them, should be affirmed for the use of the legal representatives of William Barr, deceased; but that such of the lands embraced by the said grants as have been sold or otherwise disposed of by the United States, are exempt from the operation of the said grants — and that so much of the decree of the said District Court as authorizes the location of so many acres of the lands embraced in the said grants as have been sold or otherwise disposed of by the United States on any other unappropriated lands of the United States within the State of Louisiana is erroneous, and should be reversed.

Whereupon it is now here ordered, adjudged, and decreed, that so much of the decree of the District Court as authorizes the location of so many acres of the land as have been disposed of by the United States on any other unappropriated lands of the United States within the State of Louisiana be, and the same is hereby reversed and annulled — and that the lands so sold or otherwise disposed of by the United States be, and the same are hereby exempted from the operation of the said grants.

And it is now here further ordered, adjudged, and decreed, that so much of the decree of the said District Court as declares the said grants to be valid, be, and the same is hereby affirmed for the use of the legal representatives of William Barr, deceased.