By the court—Emott, Justice.
I think the learned justice in a portion of his charge, went further in favor of the defendants than the law required. He submitted to the j ury the bona fides of the alleged sale by Samuel 0. Brown to the plaintiff, as affecting creditors of the former; putting the validity of the title of the plaintiff in this action upon the presence or absence in that sale, of a design to defraud the creditors of Samuel 0. Brown. That was not the issue, nor had the defendants a right to litigate that question in the present action, as the circuit judge very properly intimated to the jury in another part of his charge. The question for them in the present suit was, the validity of the sale inter partes. It is true, that as the law is now settled, a receiver appointed in supplemental proceedings, not only stands in the place of the debtor but also repre-, sents creditors, and can, therefore, in a proper way impeach fraudulent acts of the debtor. (Porter agt. Williame, 5 Seld. 142.) But in neither capacity, could the receiver justify the, *526 forcible seizure of this property, if it had been sold to the plaintiff by an actual and completed transfer, so as to make a valid sale as between him and his vendor.
The receiver and the defendants who acted under his authority, could not question such a transfer as representing the judgment debtor, for he could not impeach his own completed act, however fraudulent in purpose. ISTor could such a defence be interposed in the present suit by this officer as representing the creditors, because, this property, even if'transferred with a design to delay and defraud them, did not for that reason belong to them, so that they or their representatives could exercise an absolute and immediate control over it. They have only a right to subject the property as property of their debtor to the enforcement and collection of their judgments and the lien of their executions. . Until an execution is levied upon personal property, the judgment creditor has no right in it or control over it. But the receiver .does not stand in the place of an execution. The only way in which he can intervene in behalf of the creditors in such cases, is by instituting a suit to impeach and set aside the validity of such transfers.
The possession of this property after January, 1856, was, therefore, only important upon the question of delivery. The question for the jury was, whether there had been a sale, not whether it was made to hinder or delay creditors ? The requests' of the defendants’ counsel were properly refused, and the charge was at least as favorable to them as they could have asked.
There is nothing in the exceptions to the rulings as questions of evidence, which require notice. The judgment should be affirmed.