## NEW YORK SUPERIOR COURT.

### WRIGHT F. CONGER agt. DANIEL H. SANDS AND AARON V. PARADISE.

Where a judgment creditor has proceeded to the examination of the judgment debtor in supplementary proceedings, with the usual injunction, and obtained an order appointing a receiver, and an order entered by consent, that the receiver's *bond* filed in another action against the same defendant (the receiver being the same in each case), be deemed sufficient, and that no other be required, does not obtain a *prima facie lien* on the funds in the hands of the receiver appointed in actions previously brought by other judgment creditors, and judgments obtained setting aside an assignment made by the defendants to an assignee for the benefit of creditors.

And, *it seems*, that he could not acquire any lien in such proceedings until the appointment of a receiver was completed therein by the *filing of his bond*, such receiver not being appointed until a lien was obtained in the other actions.

*Special Term, March,* 1860.

ON the 24th day of November, 1858, Randolph and others commenced an action in the supreme court, as judgment creditors of Sands and Paradise, to set aside an assignment made by Sands and Paradise to one John Dean,

for the benefit of their creditors, and enjoined the assignor and assignee from disposing of any of the property of Sands and Paradise; and on the 17th day of December, 1858, obtained the appointment of Luther R. Marsh, Esq., as receiver of the assigned and other effects of the judgment debtors.

On the 30th day of November, 1858, two other actions were commenced in the same court for the same object, against the assignor and assignee, by other judgment creditors, to wit, one by Henry M. Lewis, and the other by Vernon Brothers; but no injunction was obtained in either action, and no receiver appointed till the rendering of the final judgment thereon, on the 11th March, 1859.

On the 2d day of December, 1858, Conger, the plaintiff, commenced supplementary proceedings upon a judgment he had recovered against Sands and Paradise, and served upon them an order for them to appear and be examined on a subsequent day, with the usual injunction; and after an examination of the defendants, entered an order on the 21st day of December, 1858, appointing L. R. Marsh, Esq., receiver, upon his filing an approved bond. No bond was ever filed in pursuance of this order, but on the 14th day of January, 1859, an order was entered, by consent of both parties, that the bond already filed by the receiver in the suit of Randolph, be deemed sufficient, and that no other be required. Nothing further was ever done in these proceedings, and no action commenced by the receiver or the plaintiff to set aside the assignment.

On the 3d day of December, 1858, Cyrus W. Field & Co. commenced an action in this court against Sands & Paradise, and their assignee Dean, to set aside the above assignment; but obtained no injunction nor order for the appointment of a receiver until final judgment, which was rendered on the 5th day of April, 1859, declaring the assignment void, appointing L. R. Marsh receiver, and

directing the payment of the plaintiff's judgment by the receiver, out of the assets of Sands & Paradise.

The several actions of Randolph and others, H. M. Lewis, and Vernon Brothers, were tried on the same day, and judgments respectively entered on the 11th day of March, 1859, declaring the assignment fraudulent and void, and directing the above named receiver to pay their respective judgments and costs.

All the assets that came into the hands of the receiver were derived from Dean, the assignee, into whose possession they had come, under the assignment of Sands & Paradise.

The judgment of Randolph and others had been paid by the receiver, there being no question as to its priority over all the others.

The plaintiff, Conger, now moved for the appointment of a referee, to ascertain the priorities of the several liens upon the funds and assets in the receiver's hands, and for their payment according to such priorities.

> J. EDGAR, *for plaintiff.*
> J. D. & T. D. SHERWOOD, *for H. M. Lewis.*
> LEWIS B. REED, JR., *for Vernons.*
> DUDLEY FIELD, *for C. W. Field & Co.*

ROBERTSON, Justice.   I do not think the applicant in this case has obtained any lien on the funds in the hands of the receiver appointed in the actions brought to set aside the assignment made by the defendant, Sands & Paradise, to John Dean.   As against all the world except creditors, proceeding directly to attack such assignment, John Dean is the owner of such assets, and the receiver is bound to pay them to him, unless a creditor intervene and commence a suit to vacate the assignment as against him.

The plaintiff, Conger, has only obtained such a lien as proceedings in a supplementary examination of a judgment

NEW YORK PRACTICE REPORTS. **11**

debtor could give him, which is no more than such debtor could voluntarily give him, and he (the debtor) could not deprive Dean of his rights.

It is more than doubtful, too, whether he could acquire any lien in such proceedings until the appointment of a receiver was completed therein by the filing of his bond (*Voorhies* agt. *Seymour,* 26 *Barb.,* 570) ; and such receiver was not appointed until after a lien was obtained in the other actions. (*Edmonston* agt. *McLoud,* 16 *N. Y. Rep.,* 543.) I think, therefore, there is no ground for ordering a referee, as the applicant does not make out a *prima facie* case of lien.

The motion is denied, without costs.