By the Court—Moncrief, J.
It will simplify proceedings to lay out of view the fact of suits having been brought by parties not now before the Court, whose claims have been satisfied. The plaintiffs (0. W. Field & Co.) commenced a creditor’s suit on the 3d of December, 1858, against Sands & Paradise, and their assignee, (John Dean,) to set aside the assignment, and compel an application of the assigned property to the payment of their judgment.
They have succeeded in their suit, and obtained a judgment granting the desired relief, and Mr. Marsh has been appointed a Beceiver in the action, and as such Beceiver is possessed of the proceeds of such assigned property. The commencement of this suit created a lien upon the assigned property, entitling the plaintiffs to priority of *687 payment in preference to any creditor subsequently commencing a similar suit. (2 Paige, 567 ; 1 Clarke, 297 ; Id., 584.)
Assuming Conger’s proceedings to be regular, and the appointment of a Beceiver in them to be valid, the commencement of the proceedings did not create any lien upon the assigned estate. The assignee was not a party to them. The Beceiver in those proceedings could not recover the assigned property or its proceeds, except by a suit against Dean, in which he would be at liberty to assert, and establish if he could, the validity of the assignment. Such proceedings, commenced against the debtor alone, no more create a lien upon the assigned property, than would a judgment creditor’s suit against the debtor only. (Code, § 299 ; Rodman v. Henry, 17 N. Y. R., 484 ; 1 Paige, 637.)
In the plaintiffs’- (Field’s) suit, by force of the decree in it, the property is subjected to the payment of the judgment against the assignors, the judgment debtors. The decree operates directly upon the property itself, and prescribes the disposition to be made of it. The Beceiver executes the order of the Court in that behalf.
The proceedings of Conger do not affect property vested in a third person. There is no decision made in them which questions the validity of the assignment; certainly none which adjudicates upon it. The Beceiver in it merely obtains authority, by virtue of his appointment, to litigate the validity of the transfer, by a suit against the assignee. (Code, § 299, and 17 N. Y. R., 484.)
The result of these views is, that as between the plaintiffs and Mr. Conger, the former are entitled to the net proceeds held by the Beceiver.
The fact, that Mr. Marsh was appointed Beceiver in a suit against the assignors and assignee in which the assignment was held invalid, does not affect the present question.
If Field’s and Conger’s suits had not been brought, the surplus held by the Beceiver would be returned to Dean.
As a judgment in the suits brought prior to Field’s, that *688 the assignment was valid, would not be evidence of that fact in Field’s suit, so the judgment actually rendered, would not be evidence in Field’s suit that it was invalid.
The order appealed from, should be so far modified as to direct the payment of the whole net proceeds in the Beceiver’s hands to the plaintiffs, to the extent sufficient to satisfy the judgment in favor of said plaintiffs. (0. W. Field & Co.) Ho costs of appeal to either party.