By the Court, Monell, J.
The articles of association subscribed by Wheaton, as well as the certificate of stock, provided that transfers of stock might be made on the books of the bank by the shareholder “ or Ms attorney, duly authorized in writingThe assignment or transfer executed by Wheaton, contained the Usual power of attorney, whereby the plaintiff was constituted the attorney of Wheaton, with authority to execute all necessary acts of assignment and transfer.
The assignment of the certificate of stock was entirely conformable with the regulations of the bank, and needed only the execution of the transfer on the books of the bank, to render it complete. That could be done at any time. Upon the delivery of the written assignment or transfer to the plaintiff, he became vested with the title to the stock. But until he made the transfer upon the books of the bank, or the hank otherwise had notice of the sale and transfer, it was proper to treat Wheaton as the owner. Hence, in any dealings between Wheaton and the bank, predicated upon his ownership of the stock, the bank would be protected in any credit it might give ; and could, retain the stock for any indebtedness of Wheaton. But the rights of the bank extended no. farther. *167 As between Wheaton and the plaintiff, the transfer was executed and complete ; and upon the application of the plaintiff, the bank was bound to allow the transfer to be made upon their books, and to issue a new certificate to the transferee. The bank could not disregard notice of the sale by Wheaton, and continue to treat him'as the owner, after notice. It was bound by the notice, if any was given, and at any time after-wards, might be compelled to allow the transfer to be made upon their books.
It is clear, therefore, that on the 23d of January, when the plaintiff demanded a transfer of the stock, the defendants were bound to make the transfer, unless they were restrained by the order in the supplemental proceedings against Wheaton. Both the orders of the 7th and 9th of January enjoined the defendants from making any transfer or other disposition of the five shares claimed by the plaintiff, until the further order of the court. Those orders had not in terms been revoked or vacated on the 23d. The examination of the defendants’ cashier was completed on the 9 th, disclosing that the five shares stood upon the books of the bank in the name of Wheaton. A reference was made, to appoint a receiver. A receiver was appointed, who, by order made on the 23d of January, was authorized and directed to sell the five shares.
As regards the bank, I have no doubt the order restraining them was in effect and operative, when the plaintiff demanded a transfer of the stock. There had been no abandonment of the proceedings, as was the case in Squire v. Young, (1 Bosw. 690,) but theirs was a serial continuation to the end sought to be obtained, namely,a sale of the stock under the “Small” judgment. No further order had been made discharging the previous orders, and' they could not be vacated or discharged by implication merely. I do not understand that an injunction must be repeated in every order made in the proceeding. That would be useless. The injunction continues to the end of the proceeding, unless vacated by express order. The proceeding in this case was not ended until the stock was sold by the receiver,
*168 I think the pendency of the injunction on the day the demand was made, was a sufficient reason for refusing to transfer the stock. To have done so would have been a violation of the • injunction, for which the violators could have been punished as for a contempt. ' (Code, § 302. The People v. Sturtevant, 5 Selden, 263.)
Nevertheless, the demand was notice to the bank that the plaintiff was the owner of the stock, and from that time the bank was bound to respect his rights. It does not appear that the stock was ever transferred to the purchaser at the receiver’s sale, and the fair presumption is, that it has not been. .All that the receiver could sell, and all the purchaser could acquire, was the interest Wheaton had, which was in fact nothing, after his transfer to the plaintiff. If the bank did issue a new certificate, it was in violation of its own regulations, requiring a surrender of the former scrip.
I have no doubt that upon the demand of the plaintiff the defendants, except for the injunction, were bound to allow the transfer, and to issue a new certificate to the plaintiff. "After such notice of ownership the bank could not transfer the stock, nor issue new scrip to any other person ; and if they have done so to the purchaser from the receiver, it was unauthorized, and wholly void. None of the orders directed any such transfer ; and the authority to sell the stock was" nothing more than an authority to sell the interest of Wheaton in it.
Assuming that the restraint upon the bank continued until the sale by the receiver, then the bank stood in the attitude of a custodian of a chose in action claimed by two parties ; and if it recognized one and refused to recognize the other, it did so at its. peril. The bank could have interpleaded the two parties and thus relieved itself from the responsibility of deciding between them.
The plaintiff’s action, however, is to recover damages for refusing to transfer the stock to him ; and is founded upon a demand and refusal made when the defendants were restrained by injunction.from making such or any other transfer. It is not necessary to determine, in this case, what remedy the plain *169 tiff may have, to obtain a transfer of the stock to himself. It is enough, in our judgment, that the injunction prevented the transfer, and the defendants are not liable in this suit.
The judgment should be affirmed, with costs.
Moncbief, J. concurred.
Robertson, Ch. J.
The defendants claim to have three defenses to this action.
First. That the injunction orders served upon them prevented a transfer of the stock in question,. and the receiver appointed acquired all the title of the original owner thereof, as against the plaintiff and all other persons.
Second. The defendants were authorized by their articles of association and the terms of the certificate held by the plaintiff, to refuse permission to transfer stock on their books, except to a shareholder or his attorney appointed in writing.
Third. No proper demand was made by any person properly . authorized, on the defendants, for leave to transfer on their book of transfers the stock in question to any person.
I think it very doubtful whether the defendants can shelter themselves under the injunction orders. The first of such orders was not granted under the first, second or fourth subdivision of the 292d section of the Code, for discovery by the debtor himself, but under the 294th section alone, for discovery by persons indebted to him, or holding property of his. Before the hearing on such application the judge granting the order had no authority to grant an injunction except against the debtor himself. (§ 298.) And it would seem that even after such hearing, he could only grant such injunction against the party summoned, when the latter denied the debt or claimed the property, so that a receiver could be appointed, to sue for it. Such first order, also, was merely against any transfer or disposition of the stock by the bank. They did not hold it in trust or otherwise, and could not transfer it. Giving the plaintiff access to their books to transfer it to any one was not a disposition by them. The second order was issued upon proof. *170 merely of a recovery of a judgment and issuing of execution ; no evidence was furnished of the return of the latter, of the residence of the defendant, or the court in which such judgment was recovered, or its date or amount; nor was any proof given before the judge of the service of any other affidavit than that containing the before mentioned facts, on the judgment debtor. That would not bring such proceedings within any of the provisions of the Code for examining a judgment debtor.' (§292.) They might have been sufficient as notice to the debtor under the 294th section, but in such case no injunction order was authorized against the defendants, unless they claimed the stock or denied any indebtedness on a hearing. In all other cases the remedy of a judgment creditor was to compel the application of the stock by them to satisfying the judgment. (§ 297.) Roth such orders appear to me to be void for want of jurisdiction. (Miller v. Rossman, 15 How. 10. Bitting v. Vandenburgh, 17 id. 80. Webber v. Hobbie, 13 id. 382.)
The receiver could not acquire the interest of the plaintiff in such stock, as by the Code he is only vested with the property and effects of the -debtor, and not with that standing in his name, and therefore could not sell it to another. (Field et al. v. Sands, 8 Bosw. 685.)
The third ground of defense I think, however, fatal to the plaintiff’s action. The demand made was not of access to the books of transfer to make a transfer ; but of a transfer itself by the defendants, in whose name the stock did not stand, and by whom it could not be transferred. The complaint states that the request made of the president of the defendants, was to transfer the stock in question to the plaintiff. The plaintiff’s testimony, which is the only evidence of a demand is, that he “ demanded a transfer of the stock and the dividend upon it.” I do not think that could in any way be construed as demanding access to the books to make a transfer. And to make out what is equivalent to a conversion, strict proof must be required of the appropriation • of the stock to the defendants’ benefit, or exclusion of the plaintiff from the control thereof. In Pollock v. National Bank, (7 N. Y. Rep. 274,) the defend *171 ants had obtained the plaintiff’s certificates without their authority, and in like manner destroyed them. Such destruction was equivalent to a conversion. The issue of similar certificates to other persons could not have affected the question, since that was a matter with which the plaintiff had nothing to do. They did not represent her stock, which had no earmark except the original ownership and a legal deduction of title to the present possessors. (Mechanics’ Bank v. New York and New Haven R. R. Co., 13 N. Y. Rep. 599, 625.) The application in Gom. Bank of Buffalo v. Kortright, 22 Wend. 348; S. C. 20 id. 91,) was for permission to transfer to a third person, and the action, was brought for the refusal.
Besides this, the plaintiff had’ not put himself in a position to demand access to the books, unless he meant and proposed to transfer the stock to a third person. He already had an assignment which gave him the legal title. The power of attorney contained in it was only to transfer to strangers, and the power of substitution under it never was exercised. He1 could not transfer the stock to himself, under the former, and no one could under the latter. It was substantially decided in the case of Bunn v. Com. Bank of Buffalo, (11 Barb. 580,) that a party interested in making a transfer of stock, in order to make a corporation liable for preventing him, was bound to do all reasonable acts, which he had lawful authority to do, in order to satisfy the officers of the corporation that he was lawfully entitled either to have the stock put in his name or transfer it. What could the plaintiff have done if he had obtained access to the books of transfer, except transfer to a third party ; which there is no evidence of his intention to do, or of any damage arising from his not being permitted to do ?
For these reasons I think the direction to find a verdict for the defendant was correct, and concur in affirming the judgment. with costs.