By the Court, Robertson, Ch. J.
The Code of Procedure does not provide how a single judge of a court is to regain jurisdiction of proceedings supplementary to execution after an order which has been made by one therein, affecting a substantial right, where the proceedings have been dismissed or been discontinued, has been reversed, although a right of appeal from such an order is therein given. (§ 349, subd. 5.) Unless a judgment debtor appear without objection,” jurisdiction is lost by a failure to adjourn from day to day. (Ammidon v. Wolcott, 15 Abb. 314.) Whether the general term, therefore, can make a new order, requiring the judgment debtor to appear and be examined, or direct a single judge to make such an order, *454 ' is a matter not free from doubt. Of what avail a reversal in this case could be made, is not clear.
The commencement of a creditor’s action is still open to a judgment creditor against his debtor, in which he can have a discovery and relief, and the parties are entirely subject to the control of courts, until it is finally disposed of. If he elect to take the shorter and more summary and' direct mode' of supplemental proceedings, he exposes himself to all the inconveniences of their incompleteness in giving a perfect remedy. He subjects himself to the necessity of detailing, with great circumstantiality, in the affidavit on which he applies for an order, the facts on which the jurisdiction of the officer to whom the application is made, rests. (Sackett v. Newton, 10 How. 560.) For the proceedings are before a judge merely, and not before the court, which can make no order in them. (Miller v. Rossman, 15 How. 10. Bitting v. Vandenbergh, 17 id. 80.) So that a misdescription of the judgment, (Kennedy v. Weed, 10 Abb. 62;) a failure to show the right of the applicants to apply, (Lindsay v. Sherman, 1 Code Rep. N. S. 25; Hough v. Kohlin, Id. 232; Frederick v. Decker, 18 How. 96;) or to show that the execution was issued against property, (McArthur v. Lansburg, 5 How. Pr. 211,) has been held to be fatal. ' Ho thing, therefore,' can be taken by intendment in favor of the applicant. •
In this case, the affidavit was defective in three particulars. It did not set forth the nature, of the agency of the party making the affidavit. Mere agency implies nothing; it must appear that the party applying was authorized to institute that particular proceeding. It did not set forth that the judgment had even been docketed. And it did not set forth that the transcript was filed before the execution was issued. These defects were fatal.
The order must be affirmed, with $10 costs and disbursements.