OLNEY, Receiver, v. TANNER and another.

*'Circuit Court, S. D. New York.* December 7, 1883.)

BANKRUPTCY—ACTION BY RECEIVER APPOINTED BY STATE COURT—FRAUDULENT TRANSFER.

A receiver appointed in supplementary proceedings, pursuant to the provisions of the Code of Civil Procedure, cannot maintain a suit to reach property which was transferred by a bankrupt in fraud of creditors before he was appointed receiver and when there is an assignee in bankruptcy. The assignee in bankruptcy is the only person who can assail such transfer.

Appeal from Decree of District Court.

*Norwood & Coggeshall,* for appellant.

*Jones, Roosevelt & Carley,* for respondents.

WALLACE, J. The complainant seeks to reverse a decree of the United States district court for the southern district of New York dismissing his bill. The bill was filed by the complainant as a receiver appointed by a judge of the supreme court of the state, in proceedings supplementary to execution to set aside as fraudulent against creditors a general assignment made by one Swarthout to the defendant Tanner of all the property of Swarthout. This assignment was executed on the twenty-eighth day of March, 1877. On the twenty-ninth day of March, 1877, one Seaman recorded a judgment against the assignor, and an execution was issued thereon, and afterwards returned wholly unsatisfied. On the fifteenth day of July, 1877, supplementary proceedings were instituted upon this judgment against Swarthout, pursuant to the provisions of the Code of Procedure of this state, and on the fifteenth day of August, 1877, the complainant was appointed a receiver of all the property, debts, and equitable interests of the judgment debtor. The receiver took no steps to reduce the property to his possession, or to assert his equitable rights over the property which had been transferred by Swarthout. On the eleventh day of September, 1877, involuntary proceedings in bankruptcy were commenced against Swarthout in the United States district court, by the filing of a petition, and such proceedings were thereafter had that in January, 1878, one Sage was duly appointed his assignee in bankruptcy. He thereafter qualified.

In May, 1878, the complainant filed the bill in this suit. The assignee in bankruptcy is made a party. There is no allegation in the bill that he asserts an adverse interest to the complainant in the property sought to be reached, nor are there any allegations tending to show that he has refused to take necessary or proper measures to protect the interests of the bankrupt's creditors. The case, therefore, presents the naked question whether the complainant can maintain a suit to reach property which was transferred by the bankrupt in fraud of creditors before he was appointed receiver, and when there is an assignee in bankruptcy. If the right of action inures to the assignee by virtue

of his appointment and the assignment to him in the bankruptcy proceedings, he is the only person who can assail the transfer. If he refuses to do this in a proper case, a creditor of the bankrupt may not be able to obtain any relief except by procuring the removal of the assignee. Assuming, however, that a creditor may file a bill in his own name if the assignee refuses to sue, that case is not presented here, and therefore need not be considered.

By section 5046 of the Revised Statutes, all the property conveyed by the bankrupt in fraud of his creditors is at once vested in the assignee by virtue of the adjudication of bankruptcy and the appointment. Accordingly, it has been repeatedly decided that it is only through the instrumentality of the assignee that a creditor can recover and subject to the payment of his debt the property which a bankrupt has transferred fraudulently prior to the adjudication of bankruptcy. *Glenny* v. *Langdon,* 98 U. S. 20; *Trimble* v. *Woodhead,* 102 U. S. 647; *Moyer* v. *Dewey,* 103 U. S. 301. All the creditor's right of action to reach such property passes to the assignee as a statutory right, and he acquires not only all the rights of the creditor, but he is enabled to assail transfers which the creditor cannot assail unless he has acquired a right to or lien upon the specific property. *Southard* v. *Benner,* 72 N. Y. 424; *Re Leland,* 10 Blatchf. 503; *Platt* v. *Matthews,* 10 Fed. Rep. 280. Undoubtedly, if a creditor has acquired a lien upon such property, it is not displaced by the statutory title of the assignee, because liens acquired before the bankruptcy proceedings are recognized and protected by the bankrupt law. If the assignee refuses to recognize such a lien, or to protect it, he can be required to do so by an appropriate proceeding in the bankrupt court, or by an appropriate action. No such case is made by the present bill.

In this case, as was held by the district judge, the complainant had no lien upon the property or assets which had been transferred by Swarthout at the time the right of action inured to the assignee in bankruptcy. A receiver appointed in proceedings supplementary to execution under the statutes of this state is not vested with the title to property which has been already transferred by the judgment debtor in fraud of creditors. As to such property the appointment merely confers on him the right to prosecute an action to subject it to the payment of the debt of the judgment creditor whom the receiver represents. He succeeds merely to the right of the judgment creditor. *Bostwick* v. *Menck,* 40 N. Y. 383; *Brown* v. *Gilmore,* 16 How. Pr. 527; *Field* v. *Sands,* 8 Bosw. 685. As he did not file a creditor's bill, or bring an action in the nature of a creditor's bill, to set aside the assignment before the title of the assignee in bankruptcy occurred, he is in no better position than that of the creditor to whose rights he succeeded, or of the rest of the creditors at large of the bankrupt.

The decree of the district court is affirmed.