SAMUEL G. METCALF, as Receiver of the Property of JOSÉ F. NAVARRO, a Judgment Debtor, Appellant, v. JOSÉ A. del VALLE, Respondent, Impleaded with Others, Defendants.

*Supplementary proceedings — a receiver is entitled only to the property to which the judgment-debtor had title when he was appointed — priority of a judgment-creditor who sues first to set aside a fraudulent transfer of personal property.*

Samuel G. Metcalf was, in July, 1889, appointed a receiver in supplementary proceedings of the property of one Navarro, who, in December, 1888, had, it was alleged, fraudulently assigned certain insurance policies to one Hyland. In October, 1889, del Valle, a judgment-creditor of Navarro, began an action to set aside the assignment of the insurance policies, in which judgment was rendered against him; on appeal from which judgment a new trial was granted in October, 1891.

About that time Metcalf, as receiver, began an action to set aside the same assignment, to which action del Valle was made a party; in it Metcalf asked that the respective rights of the parties be determined, and that the judgment under which he was appointed be paid first.

To this complaint del Valle demurred.

*Held*, that the demurrer was well taken.

That the title of Metcalf, as receiver, extended only to the property which Navarro had when Metcalf was appointed, which did not include the property which Navarro had previously fraudulently transferred.

That the receiver by his appointment did not acquire title to the policies, and in bringing an action brought it simply as trustee for creditors, and with no greater or superior rights than those possessed by the creditor.

That, by his action del Valle obtained a priority which could not be defeated by any creditor or by the receiver of the property of Navarro.

*Bostwick* v. *Menck* (49 N. Y., 383) followed.

Appeal by the plaintiff Samuel G. Metcalf, as receiver of the property of José F. Navarro, a judgment-debtor, from an interlocutory judgment of the Supreme Court, entered, on a trial before the court at the New York Special Term, in the office of the clerk of the city and county of New York on the 10th day of March, 1892, sustaining a demurrer interposed by the defendant del Valle to the complaint.

*Charles A. Murphey*, for the appellant.

*G. O. & L. S. Hulse*, for the respondent.

ANDREWS, J. :

·The amended complaint alleges the following facts : That the First National Bank of Rondout recovered judgments against the defendant Navarro for over twenty-five thousand dollars on or about July 18, 1889 ; that on or about July 25, 1889, the plaintiff Metcalf was appointed receiver of said Navarro's property in proceedings supplementary to execution, but that from the property received by him he realized about nineteen hundred dollars only, and that said judgments, aside from this, remain unpaid ; that prior to December 31, 1888, the defendant Navarro owned five policies of insurance on his life for $10,000 each, payable to his executors, administrators or assigns, and that on that date he fraudulently assigned the same to the defendant Hyland ; that at the time of such assignment the defendant Navarro was insolvent, and that the assignment was made with intent to hinder, delay and defraud his creditors ; that the cash value of said policies is over twenty-five thousand dollars, their value in paid-up insurance over fifty thousand dollars, and in the event of the death of said Navarro, over sixty-five thousand dollars ; that plaintiff first learned of the existence of said policies in the fall of the year 1890, at which time he also learned that the defendant del Valle, who was also a judgment-creditor of said Navarro to the extent of some twenty-thousand dollars, had commenced an action in October, 1889, to set aside said assignment of insurance policies as fraudulent and void ; that at such time the plaintiff also learned that the trial of that action had taken place and had resulted adversely to del Valle, and was then pending on appeal ; that a decision granting a new trial in that action was rendered in October, 1891, and thereupon plaintiff obtained leave of the court to bring this action ; that plaintiff, ever since July 25, 1889, has been the owner of said policies, and of all the right, title and interest of said Navarro in and to the same, and, as such, is entitled to institute and prosecute this action to set aside said assignment, and apply said policies, or the proceeds thereof, to the judgments aforesaid. The plaintiff, in his prayer for relief, asks that, after said assignment has been set aside, the rights of the respective parties be determined and the proceeds of said policies be, first, applied towards the payment of the judgments recovered by said

bank, and that any balance be adjudged to be paid to the parties entitled thereto.

The defendant del Valle demurred to such amended complaint on the ground that the same did not state facts sufficient to constitute a cause of action as to him; and from the judgment sustaining such demurrer this appeal is taken.

The sole question presented for our consideration is, whether the legal title to the policies in question vested in the plaintiff when he was appointed receiver of the defendant Navarro's property, and whether he has, as such receiver, the prior and exclusive right to prosecute an action to set aside as fraudulent the assignment of such policies to the defendant Hyland.

The plaintiff's counsel, in his brief, cites a number of cases decided in this court, in which it appears to have been held that a receiver of the property of a judgment-debtor, appointed in supplementary proceedings, acquires the legal title, not only to the personal property of the judgment-debtor, which may be in his possession at the time the receiver is appointed, but also to such personal property as has, prior to the appointment of the receiver, been fraudulently transferred by the judgment-debtor to some third party. Such counsel also cite some cases decided in the Court of Appeals which contain expressions of opinion which may, but not necessarily must, be construed as supporting the same doctrine. This precise question, however, was considered and decided by the Court of Appeals in the case of *Bostwick* v. *Menck* (40 N. Y., 383), and we are of the opinion that the decision in that case must control us in deciding the case at bar. Grover J., in delivering the opinion of the court, said: "He (the receiver) does not acquire the legal title to such property" (fraudulently conveyed) "by his appointment. That is confined to property then owned by the debtor, and the fraudulent transferee of property acquires a good title thereto as against the debtor and all other persons, except the creditors of the transferror. The only right of the receiver is, therefore, as trustee of the creditors." The same doctrine is laid down in *Pettibone* v. *Drakeford* (37 Hun, 628), and in *Olney* v. *Tanner* (10 Fed. Rep., 101; affirmed on appeal, 18 id., 636). While, therefore, some of the cases in the Court of Appeals cited by plaintiff's counsel contain expressions which may be construed as conflicting with the doctrine

laid down in *Bostwick* v. *Menck* (*supra*), yet, as that case has never been directly overruled or questioned, we must consider it as a controlling authority.

It necessarily follows that the title to the policies in question did not vest in the plaintiff by virtue of his appointment as receiver of the property of Navarro, and the plaintiff has no prior or exclusive right to maintain an action to set aside such assignment as fraudulent, and that the defendant del Valle, having brought the first action against the judgment debtor Navarro and his assignee Hyland, for the purpose of setting aside said assignment, has obtained a lien and preference over the receiver and all other creditors upon the property sought to be reached. (*Storm* v. *Waddell*, 2 Sandf. Ch., 494; *Corning* v. *White*, 2 Paige, 567; *Olney* v. *Tanner*, *supra*; *Edmeston* v. *Lyde*, 1 Paige, 637.)

In *Olney* v. *Tanner* the court said: "In the Superior Court it has been still more explicitly decided that the receiver" (in supplementary proceedings) has no title nor lien in respect to such property until the commencement of his suit. (*Field* v. *Sands*, 8 Bosw., 685; *Conger* v. *Sands*, 19 How., 8.) In *Field* v. *Sands* the court say: "Such proceedings (supplementary) no more create a lien upon the assigned property than would a judgment-creditor's suit against the debtor only. Such proceedings do not affect property vested in a third person." "Such fraudulent transfers, therefore, are no more absolutely void, as respects such a receiver, than as respects judgment creditors themselves. They are avoidable only when assailed at the election of the creditor or receiver in an action brought for the specific purpose of setting them aside. (High on Receivers, § 411.) There is nothing in this respect that a receiver might do that the creditor himself cannot do."

In *Corning* v. *White* (*supra*) the court said: "This court has frequently decided that the creditor who first files his bill here to reach the defendant's property, which cannot be sold on an execution at law, obtains a preference."

The defendant del Valle, having brought his action first to set aside the alleged fraudulent transfer, cannot be divested of his priority of lien, and there is no reason why he should be stayed in his action by the receiver or any other creditor. Having a prior lien on the policies over the receiver and all other creditors, his

rights cannot be adjudicated in this action, and he is not a neces-sary or proper party thereto.

In *Bostwick* v. *Menck* (*supra*), the court, said: "They (the fraudulent transferees) have the right to retain the property until the superior right of creditors to divest them of it is shown; this right of creditors they have the right to litigate in respect to each creditor." * * * But the proceeding in each case is separate and distinct, and the creditors take priority according to the date of their several proceedings.

The judgment sustaining the demurrer should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.