STOCK, GRAIN & PROVISION CO. OF NEW YORK, Limited, v. HAIGHT et al.

(Supreme Court, Special Term, New York County. April 10, 1905.)

INTERPLEADER—GROUNDS FOR ORDER—ASSERTION OF CLAIM—SUFFICIENCY.

    A mere assertion of a claim is insufficient to entitle a party to an order of interpleader, and hence a judgment debtor is not entitled to an order requiring the assignee of the judgment and the receiver of the judgment creditor to interplead, and enjoining them from collecting the amount due from the debtor, on the latter paying the money into court, where it is not shown that the claim asserted by the receiver has reasonable foundation, or that such receiver has either title to or lien on the judgment alleged to have been fraudulently transferred to the assignee.

Action by the Stock, Grain & Provision Company of New York, Limited, against Mary T. Haight and others. Plaintiff's motion for an order permitting it to pay into court moneys claimed by defendants, enjoining them from proceeding against it to collect the same, and to interplead them, denied.

One William C. Haight recovered a judgment against the Stock, Grain & Provision Company of New York, Limited, which was affirmed by the Court of Appeals March 17, 1905. December 28, 1904, the Hamilton Bank of New York recovered a judgment against the said William C. Haight. March 20, 1905, the judgment recovered by Haight against the Stock, Grain & Provision Company was assigned by him to Mary T. Haight, his wife. April 10, 1905, Gilbert H. Montague was appointed receiver in supplementary proceedings of the property of the said William C. Haight on the application of the Hamilton Bank. The receiver demanded of the Stock, Grain & Provision Company the payment of the moneys due on the judgment recovered by William C. Haight against it and Mary T. Haight, as assignee, also demanded the money of the Stock, Grain & Provision Company. May 16, 1905, the Stock, Grain & Provision Company commenced an action in equity against the receivers and against the said Mary T. Haight to interplead them, and to enjoin them from proceeding to collect the money from the Stock, Grain & Provision Company on the Stock, Grain & Provision Company paying it into court. The Stock, Grain & Provision Company obtained a preliminary injunction, with an order to show cause, and obtained an order permitting the plaintiff to deposit in court the full amount due under the judgments, and enjoining the plaintiff and the defendant receiver from bringing any action or taking any proceeding for the recovery of said moneys, and interpleading the defendants with reference thereto. On the settlement of the order to be entered upon the motion, counsel for the defendant, Mary T. Haight, the assignee of the judgment,

complained about the filing of two affidavits after the motion had been submitted, without copies having been served upon him, with opportunity to reply. Affidavits were then filed on behalf of the defendant, Mary T. Haight.

Black, Olcott, Gruber & Bonynge, for plaintiff Stock, Grain & Provision Co.

Parker & Aaron, for defendant Gilbert H. Montague, as receiver.

William P. Maloney, for defendant Mary T. Haight.

GREENBAUM, J.   The affidavits submitted upon the reconsideration of this motion in behalf of the defendant Mary Haight, read in connection with the previous affidavits, make it clear that no facts have been presented from which the court may infer that the claim asserted by the receiver has reasonable foundation.   A mere assertion of a claim or demand is insufficient to entitle a party to an order of interpleader.   Stevenson v. N. Y. Life, 10 App. Div. 233, 41 N. Y. Supp. 964, citing Bank v. Yandes, 44 Hun, 55; Wells v. Nat. City Bank, 40 App. Div. 498, 58 N. Y. Supp. 125; Hanna v. Mfrs. Trust Co., 104 App. Div. 90, 93 N. Y. Supp. 304.   Besides, a reconsideration of the motion convinces me that plaintiff is not entitled to the relief sought, for the reasons that the receiver holds neither title to nor lien upon the judgments which it is alleged have been fraudulently transferred to the defendant Mary Haight (Metcalf v. Del Valle, 64 Hun, 245, 19 N. Y. Supp. 16, affirmed 137 N. Y. 545, 33 N. E. 336), and that the order of the court directing plaintiff to pay the amounts due upon said judgments has no binding force upon the defendant Mary Haight.   Schrauth v. Dry Dock Sav. Bank, 86 N. Y. 390.

The motion will therefore be denied, with $10 costs to defendant Mary Haight to abide the event.