CHARLES BOSTWICK, Jr., Receiver of ANDREW BEISER, Respondent, *agst.* WILLIAM MENCK, Assignee of ANDREW BEISER, impleaded, &c., Appellant.

A receiver appointed in supplementary proceedings under the Code, is thereby vested with the title to all the personal property of the judgment debtor, whether in his own hands or in the hands of others. GROVER, J.

But it is otherwise as to property transferred or assigned by the debtor in fraud of creditors. Such assignment is good against the receiver as merely the representative and successor of the judgment debtor; and as representative of the creditor, he has no greater right than the creditor himself with reference to the property fraudulently assigned, which right is to avoid and set aside such assignment, *so far only as it shall be necessary to satisfy his* debt and costs.

If the same person be appointed receiver in several proceedings for several creditors, he is then trustee for them all, and clothed with power to set aside transfers fraudulent as against them, but only to an extent *sufficient to satisfy their demands.*

*Accordingly,* where a receiver appointed in supplementary proceedings after judgment, brought a suit to set aside an assignment by the judgment debtor, as fraudulent against creditors, *Held* that his recovery against the assignee should be limited to an amount sufficient to cover the judgment and interest, together with the costs of the proceedings, although the assigned property in the hands of the latter was of much greater value.

*It seems* that, if a receiver has commenced such an action and is subsequently appointed receiver in another proceeding, he must bring a new action. GROVER, J.

(Argued March 30th, 1869, and decided June 11th, 1869, a re-argument having been ordered by the Court, December, 1868.)

Appeal from a judgment of the General Term of the New York Common Pleas, affirming a judgment below in favor of the plaintiff. The action was brought to set aside a fraudulent assignment made by Andrew Beiser, on the 6th day of January, 1857, to the defendant, Menck.

On the 27th day of January, 1857, one Dolan recovered a judgment against Beiser, for the sum of $201.60; and execution having been returned unsatisfied upon that judgment, and supplementary proceedings being thereupon instituted,

the plaintiff was, on the 4th of March, 1857, appointed receiver. In an action brought by him to set aside the assignment it was found fraudulent as against creditors, and a decree was entered that the defendant, Menck, deliver or pay over to the plaintiff, as receiver, all of the assigned property or its avails, in his, Menck's, hands except such as he had distributed under the assignment before the commencement of the suit. The avails of the assigned property amounted to fifteen thousand dollars. Upon the trial no other judgment against Beiser was proved than that of Dolan.

Menck and Beiser both appealed to the General Term of the Common Pleas, where the judgment was affirmed, and Menck, the assignee, appeals to this court. An order for extra allowance of costs, based upon the amount of the property in the assignee's hands, was objected to by the appellant, and also the refusal of the referee appointed to take an account, to allow the assignee certain sums distributed by him before suit, under the assignment. These questions were discussed by one of the judges, but the last was not passed upon by the court.

*Andrew Boardman*, for the appellant.

*C. Bainbridge Smith*, for the respondent.

GROVER, J. The finding that the four notes given by Beiser to Menck, the payment of which was preferred in the assignment, were fictitious, made the assignment fraudulent and void as to the creditors of Beiser, and sustains the judgment in this respect The rulings as to the competency of evidence upon the other issues affecting the validity of the assignment did not prejudice the appellant, as the assignment must be adjudged void as to creditors, irrespective of these issues; the exceptions taken to these rulings need not, therefore, be examined. The appointment of the plaintiff as receiver of Beiser, made in the supplemental proceedings under the Code, vested in him the legal title to all the personal property of Beiser. (*Porter* v. *Williams*, 9 N. Y., 142; *Barker* v. *Torrance*, 31 id., 631.) Such appointment

conferred upon him the further right to prosecute such action, to set aside all transfers of property made by Beiser to defraud his creditors, as the creditors themselves could have maintained. (See cases supra.) As to these principles, the counsel for the parties do not differ; but the question in this case is whether the plaintiff, as receiver, can recover the entire amount of property so transferred, although such amount shall largely exceed the judgments of creditors in whose behalf he has been appointed receiver, or whether his right of recovery is restricted to an amount sufficient to satisfy such creditors, together with the costs and expenses of the proceedings. This is an important question in the present case, as all the demands of creditors in whose behalf the plaintiff is acting, amounts only to a few hundred dollars, while the judgment appealed from amounts to about fifteen thousand dollars. The Code, § 298, provides that only one receiver of the property of the same judgment debtor shall be appointed. From this it is sought to deduce an argument that all the property transferred by the debtor in fraud of the rights of creditors may be recovered in the same action, however much the recovery may exceed the amount of the debts, for the collection of which the receiver has been appointed. It is insisted that the receiver has the right and that it is his duty to recover all the assets transferred by the debtor in fraud of the rights of creditors and hold the same for distribution to those entitled, under the order of the court. But the question is as to the right of the receiver to collect the property. He acquires no right to the property by succession to the rights of the debtor, for the reason that the transfer is valid as against the debtor, and cannot be set aside by him as the debtor's successor; no rights other than those of the debtor are acquired. He does not acquire the legal title to such property by his appointment. That is confined to property then owned by the debtor, and the fraudulent transferree of property acquires a good title thereto as against the debtor, and all other persons except the creditors of the transferror; the only right of the receiver is, therefore, as

HAND — VOL. I.    49

trustee of the creditors. The latter have the right to set aside the transfer and to recover the property from the fraudulent holder, and the receiver is, by law, invested with all the rights of all the creditors represented by him in this respect. It is clear that the right of the receiver representing the creditors, and acting in their behalf, is no greater than that of the creditors. What, then, are the legal and equitable rights of a creditor as to property fraudulently transferred? Manifestly only to treat as void and set aside such transfer, so far as shall be necessary to satisfy his debt and costs. He has no right to interfere with the transfer beyond this. When his debt and costs are paid, the transfer is as valid as to him as to other persons. If this be the extent of the rights of a single creditor, and all that can be conferred upon a receiver appointed by law to act as his trustee, it is clear that the right is not enlarged by the appointment of the same person as receiver for several creditors. The receiver is then trustee for all, clothed with power to set aside transfers, fraudulent as against the demands represented by him, only to an extent sufficient to satisfy such demands and costs. When this is done, his duties, and, consequently, his powers and right to act further in behalf of the creditors, cease as to property that has been transfered by the debtor. As to property owned by the debtor at the time of the appointment, we have seen that the rule is different; that, as to such property the appointment vests the legal title to the whole in the receiver, and he may, consequently, assert his title thereto without regard to the amount of the judgments upon which he has been appointed. If the judgment is only $100, and the debtor has choses in action to the amount of $10,000, the receiver may collect the entire amount unless the debtor shall, by application to the court, stay his proceedings. Those having in their hands property owned by a judgment debtor at the time of the appointment of a receiver of his property must account to the receiver therefor; they have no adverse interests of their own to protect. Not so as to those who have acquired title good as

against the debtor and all others, except creditors. They have the right to retain the property until the superior right of creditors to divest them of it is shown; this right of creditors they have the right to litigate in respect to each creditor. It may happen that when a receiver has been appointed in behalf of several creditors, one may have estopped himself from questioning the validity of a transfer by a debtor. The receiver could not set aside the transfer in behalf of such a creditor, and could not, therefore, recover in his behalf, but only in behalf of those not estopped. But the same person may be appointed receiver after he shall have commenced an action by virtue of a previous appointment; in such a case he must commence a new suit to enforce the right so acquired. There is no greater incongruity in this than in the commencement of separate suits by several creditors against a fraudulent assignee to enforce their respective rights. My conclusion is, though formerly different, that the plaintiff was only entitled to judgment for the amount of the Dolan judgment upon which he showed he had been appointed receiver, and the expenses of that proceeding and costs. This renders it unnecessary to examine the exceptions taken upon the accounting before the referee, as the judgment will not be affected by any such question. The judgment appealed from must be reversed and a new trial ordered, unless the plaintiff shall stipulate to take judgment for the amount of the Dolan judgment and costs incurred upon the supplemental proceedings thereon, with costs, and, in that event, affirmed for that amount and reversed as to the residue.

James, J. No question arises in this court as to the fraudulent character of the assignment. I think only two questions are presented for consideration : 1st. The rejection of the payment by Menck to Pfieman; and 2d. The amount Menck should pay over to the receiver.

As, between themselves, the assignment from Beiser to Menck was valid; it passed the title to all the property named, for the uses and trusts therein declared. It was only

as to creditors of Beiser that the assignment was fraudulent By that instrument Menck was directed to pay certain sums to Pfieman; by accepting the trust, he agreed to perform, and he did so before this action was commenced. This sum may not have been honestly due from Beiser to Pfieman; but, if not, Menck could not set up the fraud. He had been invested with means to pay this sum; had accepted the trust, and it did not lie with him to question its honesty or refuse performance. The creature could not set at defiance the will of his creator.

The judgment ordered Menck to pay over to the receiver such money as had come to his hands, in virtue of said assignment, except such as had been paid out or distributed to the creditors of Beiser, pursuant to the directions of the assignment, before the commencement of the action. It was clearly shown that the payment to Pfieman, which was rejected, had been made before. By the terms of the order, every item paid in pursuance of the assignment before the commencement of the action, should have been allowed. Nothing was said about sums paid to *bona fide* creditors. The referee was not authorized to inquire into the validity of the debts which had been paid; but only to ascertain what had been paid before the action commenced. Therefore the rejection of this item of $2,650 paid to Pfieman was erroneous.

I am also of the opinion that the judgment, the report of the referee under the order, and the allowance of extra costs were wrong in theory and amount. The plaintiff was a receiver appointed in proceedings supplementary to execution under the Code (§§ 292, 298). Such a receiver can only be appointed after judgment, execution issued to the proper county and returned unsatisfied in whole or in part; and then only for the purposes of that particular judgment. If other judgments have been recovered against the debtor, on application founded on proper proceedings, the court may extend the receivership for the benefit of such other judgment. But the proceeding in each case is separate and distinct, and the creditors take priority according to the date of

their several proceedings. It is true that a receiver so appointed is declared vested with the property and effects of the judgment debtor from the time of filing and recording the order of his appointment, but it is only for the purpose of satisfying the judgment in which the proceedings were had and his appointment made, or those over which the receivership has been extended, and the costs arising therefrom, not to sequestrate the debtor's whole estate, unless necessary to satisfy such judgments.

The bail required from such a receiver is not regulated by the debtor's property, unless, on examination, it appears to be less than the judgment. If more than the judgment, the bail is usually double the amount of such judgment; and if the receivership is afterwards extended by proceedings under other judgments, additional bail is, or may be required. In this case the undertaking of the receiver was only $500; the money ordered to be paid over to him exceeded $15,000.

The Code (§ 298) declares that the receiver of a judgment debtor shall be subject to the direction and control of the court; and when application is made, the court will direct according to the facts and circumstances of each particular case. And though the debtor may have property not in the hands of the receiver, yet, if the receiver has sufficient in his hands to satisfy the particular judgment and costs in the proceeding under which he was appointed, and if extended to those demands also, the court will order an accounting and direct payment to the creditor or creditors in such proceedings; the surplus, if any, brought into court and the receiver discharged from the trust. The theory of the New York Common Pleas, as stated in this case (10 Abb., Pr. Rep. 197,) that " a receiver in supplementary proceedings is not a trustee alone for the parties at whose instance he was appointed, but for all the creditors of the judgment debtor," is not correct. (See *Becker* v. *Torrance*, 31 N. Y. Rep., 641). It was not the purpose of this provision of the Code to seize upon and sequestrate the judgment debtor's estate for the

benefit of all his creditors; its purpose was to furnish a cheap and easy mode of discovering the concealed property of a judgment debtor and applying it to the satisfaction of the judgment or judgments in which proceedings were taken. When property enough to satisfy such judgment or judgments is reached, the purpose of the appointment of a receiver is accomplished; that officer owes no duty to other creditors of the debtor.

In this case the plaintiff had been appointed receiver in but one case. The averment in the complaint, and the admission of Beiser, of other judgments against him, did not conclude Menck. He had denied the allegations of the complaint, and the existence and amount of such judgments was to be proved as against him; but, if otherwise, the amount of such other judgments were not stated in the complaint, and in this proceeding were not known.

It follows from these views, that the judgment of the General Term should be reversed; that the order for an extra allowance of costs discharged, the costs re-adjusted and judgment of the Special Term modified, so that on defendant Menck paying plaintiff, as receiver, a sum sufficient to satisfy the judgment in which he was appointed receiver, with interest, costs of appointment, commissions, and costs of this action up to the report of the referee, he, Menck, should be discharged from all further proceedings in this action and the same satisfied of record.

DANIELS, J., also read an opinion in which he arrived at the same result, and which contained a condemnation of the validity of an order for extra allowance of costs and of the correctness of the account stated by the referee below; but the last question was not passed upon by the court.

HUNT, Ch. J., WOODRUFF, MASON and LOTT, JJ., concurred in the opinion of GROVER, J.

Judgment reversed and new trial, unless the plaintiff consents, within thirty days, to reduce the recovery to the

amount of the Dolan judgment and expenses and costs, and in that case, the judgment affirmed without costs of appeal and without the extra allowance granted below.