# NEW YORK SUPERIOR COURT.

## George J. Clan Renald agt. John A. Wyckoff.

*Assignment — power to compel judgment debtor to execute an assignment of his interest in letters patent to a receiver.*

The Code confers ample power, even upon a county judge, to compel a judgment debtor to apply his property to the payment of a judgment against him, and, if necessary, to execute a conveyance thereof, whether it be within or without the state, in accordance with the practice existing at the time of the passage of the Code. The same reasoning applies alike to real and personal property, and hence includes letters patent.

The superior court of the city of New York possesses not only all the authority specifically conferred by the sections of the Code relating to proceedings supplementary to execution, but also the same inherent equity powers and jurisdiction which are possessed by the supreme court for that purpose ; therefore, the power to compel a judgment debtor to execute and deliver to a receiver an assignment of his interest in letters patent *seems* to be ample.

*Special Term, March,* 1877.

Motion by a receiver to compel a judgment debtor to execute letters patent.

Freedman, *J.* — The judgment debtor insists that letters patent are personal property, and that neither the court, nor any judge thereof, has jurisdiction to order an assignment of personal property. In *Porter* agt. *Williams* (5 *How.*, 441) and *Bostwick* agt. *Menck* (40 *N. Y.*, 383) it was simply decided that an assignment to a receiver appointed in supplementary proceedings under the Code is·not necessary to pass the title of the judgment debtor to personal property, but

that the legal title to such property becomes vested in the receiver by virtue of his appointment. The question of power to order an assignment, in case of necessity, was not considered. In the cases of *Ten Broeck* agt. *Sloo* (13 *How.*, 28) and *Ball* agt. *Goodenough et al.* (37 *How.*, 479), it is true, it was said that such an assignment cannot be compelled. But in neither case was the question before the court, and hence the remark is *obiter*. In *Ten Broeck* agt. *Sloo* a receiver was appointed of the debtor's annuity, and of his rights under a certain contract in process of enforcement by suit, and the debtor moved to vacate the order of appointment on the ground that it was not a case for the appointment of a receiver, which motion was denied.

In *Ball* agt. *Goodenough et al.*, the defendant moved to vacate the order appointing a receiver on the sole ground that it was not made by the same judge who had granted the original order for the examination of the judgment debtor, and the motion was granted. This decision is erroneous, even as far as it goes, for the second section of chapter 276 of Laws of 1840, which is applicable to the court in which that case arose, expressly provides as follows: Section 2. "Whenever any proceeding shall be commenced by or before any judge of the said court, by virtue of any statute of this state, the same may be continued by or before any other judge of said court."

The only case which actually decides that an assignment of personal property cannot be compelled is *The People ex rel. Williams* agt. *Hulburt* (5 *How.*, 446), which is also reported in 1 *Code R.* (*N. S.*), 75, and 9 *New York Legal Observer*, 245. It arose in the year 1851. No authority is cited for the proposition laid down, and the court bases its decision solely on the ground that the Code makes no provision for an assignment. For this reason it was held that a county judge, being an officer of limited jurisdiction, possessed no authority to order an assignment of personal property, though an assignment under seal would be necessary to transfer the title to real estate to the receiver, and though the supreme court, by virtue of its

original and inherent power and authority, and especially since the accession of equity powers and jurisdiction, might order and compel an assignment of personal property without any statutory provisions.

Since that decision the court of appeals has held, in *Porter* agt. *Williams* (5 *Seld.*, 142), that since the Code the order of appointment of a receiver has the like effect upon the debtor's real estate as upon his personal estate, and that the whole property of the judgment debtor situate within the state becomes, by force of the order, vested in the receiver as soon as his appointment is completed. This is now the settled law of this state; and since the amendment of section 298 of the Code, passed in 1863, it is only necessary, in order to vest the title of the judgment debtor to real property in the receiver, that a certified copy of the order of his appointment shall be filed and recorded in the office of the clerk of the county in which such real estate is situated, and also in the office of the clerk of the county in which the judgment debtor resides.

In the subsequent case of *Fenner* agt. *Sanborn* (37 *Barb.*, 610) the supreme court (*Erie general term*, May 12, 1862) came to the conclusion that the Code confers ample power, even upon a county judge, to compel a judgment debtor to apply his property to the payment of a judgment against him, and, if necessary, to execute a conveyance thereof, whether it be within or without the state, in accordance with the practice existing at the time of the passage of the Code. This decision must be deemed to overrule the prior decision of the same court in *The People* agt. *Hulburt*, above referred to, upon the point now under consideration. Its reasoning applies alike to real and personal property, and hence includes letters patent.

A patent is a peculiar species of personal property, created by statutes of the United States, over which state courts have no direct control. The only way in which title to a patent can vest, is by an instrument in writing, so that it can be

recorded (*Potter* agt. *Holland*, 7 *Blatchf.*, 206). And under the patent laws of the United States, no patent, or any interest in a patent, can be assigned, except by an instrument in writing. In case of an assignment the thing to be assigned is not the mere parchment, but the monopoly conferred, and the right of property created by it. The same considerations which apply to real estate situated in other states, apply with almost equal force to letters patent, and as this court possesses not only all the authority specifically conferred by the sections of the Code relating to proceedings supplementary to execution, but also the same inherent equity powers and jurisdiction which are possessed by the supreme court for that purpose, the power to compel the judgment debtor to execute and deliver to the receiver an assignment of his interest in the letters patent in question, seems to be ample. I am also of the opinion that a proper case has been made out for the exercise of the power, for it is no answer to the application that such interest is not of great value at the present time.

The application is granted.