# Cases

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## February, 1878.

---

LUCIUS N. MANLEY, as Receiver, etc., of AUGUST RAS-
SIGA, Respondent, v. MARY R. A. RASSIGA, MICHAEL
H. CULLINAN and AUGUST RASSIGA, Appellants.

*Receiver — appointment of, by officer of special jurisdiction — what allegation as to
appointment sufficient.*

In an action brought by a receiver appointed in supplementary proceedings, the
complaint alleged that, "by an order of determination, then *duly* made by
Hon. John J. Armstrong, county judge for the county of Queens, the plaintiff
was appointed receiver,"
*Held,* that his appointment was sufficiently alleged, and that a demurrer, on the
ground that the complaint did not show that he had legal capacity to sue, was
properly overruled.

APPEAL from an order made at the Special Term overruling a
demurrer to the complaint. The action was brought by the plain-
tiff, as receiver of August Rassiga, to set aside certain transfers
made by him, on the ground that they were fraudulent as against
his creditors. The complaint alleged, in regard to the plaintiff's
appointment: That on the 31st day of May, 1877, at Jamaica,
Queens county, New York, upon an application made by John
Kane, a judgment creditor of said August Rassiga, in proceedings
supplementary to execution and by an order of determination, then

duly made by Hon. John J. Armstrong, county judge for the county of Queens, the plaintiff was appointed receiver of the property of said August Rassiga; and upon the filing and approval of his bond, as hereinafter mentioned, became and still is such receiver and authorized to bring this action.

The defendant demurred, on the ground that the complaint did not show that the plaintiff had legal capacity to sue, and that it did not state facts sufficient to constitute a cause of action.

*George F. Langbein*, for the appellants. There is no sufficient allegation in the amended complaint showing the receiver's authority to sue or bring the action, or that he was regularly or duly appointed. The rule is stringent as to creditors' actions by receivers. (*Coope* v. *Bowles*, 18 Abb. Pr. Rep., 443; S. C., 42 Barb., 87.) The receiver's appointment and his authority to sue must be duly alleged. (*Gillet* v. *Fairchild*, 4 Denio, 80; *White* v. *Joy*, 7 Barb., 204; *Bangs* v. *McIntosh*, 23 id., 204; *Bolles* v. *Duff*, 43 N. Y., 469; *Story* v. *Forman*, 25 id., 214; *Albany Ins. Co.* v. *Van Vranken*, 42 How., 281; *Stewart* v. *Beebe*, 28 Barb., 34; *Dayton* v. *Connah*, 18 How., 326; *Cheney* v. *Fisk*, 22 id., 236; *Rockwell* v. *Merwin*, 45 N. Y., 178.) There is no allegation in the amended complaint that the plaintiff, as receiver, has filed and recorded his alleged order of appointment, nor is there any allegation of facts, or otherwise, showing that the plaintiff has done and performed any of the acts and requisites required by section 298 of the Code of Procedure, in order to vest the title of the real estate or property in him so as to permit him to bring this action. The filing and recording of the order is a condition precedent to the vesting of title in the receiver, and it therefore follows that an allegation of the fact of such filing and recording in the complaint is essentially necessary to show title in the receiver. (*Gillet* v. *Fairchild*, 4 Denio, 80; *Hedges* v. *Bungay*, 16 Abb. Pr. [N. S.], 313; *Juliand* v. *Rathbone*, 39 N. Y., 369; *Rogers* v. *Corning*, 44 Barb., 229; *Becker* v. *Torrance*, 31 N. Y., 631; *Clark* v. *Brockway*, 42 id. [3 Keyes], 15; Riddle's Supplementary Proceedings, 142, and cases cited; Hoffman's Provisional Remedies, 526.) The complaint does not show that a transcript of the judgment was filed and docketed in Queens county. The lien of a judgment does not attach until docketing; and as the lien is

entirely regulated by statute, equity cannot extend it. (*Buchan* v. *Sumner*, 2 Barb. Ch., 165 ; *Fort* v. *Dillaye*, 65 id., 521, Gen. T., 1873).

*Wm. C. Reddy*, for the respondent.

BARNARD, P. J. :

The allegation of the appointment of the plaintiff as receiver is sufficient. Such appointment is averred to have been made on the 31st May, 1877, in proceedings supplementary to execution, by Hon. J. J. ARMSTRONG, county judge of Queens county, "by an order of determination then duly made." By section 161 of the old Code, and which has been preserved untouched in the new Code (section 532), it is provided that in pleading a determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but the determination may be stated to have been duly made. This averment in this case, carries with it the filing of the order. Without all the steps are taken to make a valid determination, it is not duly made. The rights of the plaintiff, as receiver, are finally settled by the Court of Appeals, in *Bostwick* v. *Menck* (40 N. Y., 383). He became vested with the legal title to all the personal property of the debtor. "Such appointment conferred upon him the further right to prosecute such actions, to set aside all transfers of property made by the debtor, to defraud his creditors, as the creditors themselves could have maintained." The complaint avers his appointment to have been duly made, and this action is brought to set aside a transfer made in fraud of creditors. The judgment creditor could have maintained this action before the appointment of the receiver, after the issuing and return of an execution unsatisfied, as against the property of the debtor.

The order overruling the demurrer, should be affirmed with costs, with leave to defendant to answer in twenty days, on payment of costs.

GILBERT, J., concurred ; DYKMAN, J., not sitting.

Order overruling demurrer to amended complaint affirmed, with costs and disbursements, with leave to defendant to answer in twenty days, on payment of costs.