HIRAM C. PETTIBONE, Receiver, etc., Appellant, v. WILLIAM E. DRAKEFORD, Respondent.

*Receiver in supplementary proceedings — power of, to maintain an action to replevy goods mortgaged by the debtor — 1858, chap. 314.*

A receiver, appointed in supplementary proceedings, cannot maintain an action of replevin to recover articles of personal property which have been transferred by the debtor, in fraud of his creditors, by a chattel mortgage, where the mortgage has been foreclosed and the property has been purchased and taken possession of by the mortgagee prior to the appointment of the receiver.

No power to maintain such an action is conferred upon him by chapter 314 of 1858 enlarging the powers of receivers, assignees, etc.

The only remedy of a receiver in such a case is to bring an action in equity to set aside or remove the fraudulent mortgage.

The class of receivers referred to by the act of 1858 are those who are vested as such with an entire estate, or with all the property and effects of an insolvent, for the benefit of all the creditors. A receiver, appointed in supplementary proceedings for the benefit of a single creditor, is not included in the class.

This construction is sustained by the provisions of the sections of the Code of Civil Procedure (§§ 2468, 2469), providing for the vesting of the title of the property of the judgment debtor in the receiver, which imply that a transfer of the legal title of the debtor, prior to the periods fixed in section 2469, which is valid as between the parties to it, although fraudulent as to creditors, prevents the vesting in the receiver of the legal title to the personal property so transferred.

APPEAL from an order of the Special Term, granting a new trial to the defendant upon a motion therefor made upon a case and exceptions.

On the 31st day of January, 1881, Elizabeth J. Chase was the owner of the personal property described in the complaint in this action. On that day, for the purpose of securing the defendant for moneys which she then owed him, and for indorsements upon which he had become liable for her, she executed and delivered to the defendant a chattel mortgage upon said property. Said mortgage was duly filed on the 1st day of February, 1881, and refiled on the 9th day of January, 1882. On the 9th day of February, 1882, defendant foreclosed his chattel mortgage and became the purchaser of the property at the sale, and took possession thereof. On the 28th day of November, 1881, one Charles Sheldon, with others, recovered a

judgment against Jen Dexter Chase and Elizabeth J. Chase, in the County Court of Steuben county for $296.24.

Proceedings supplemental to and in aid of the execution issued on said judgment, were commenced by the service of the usual order, on Elizabeth J. Chase, on the 28th day of December, 1881. After the return of the execution, a supplemental order was made and served on both defendants in the judgment on the 4th day of February, 1882. The plaintiff was, by an order made in said proceeding, on the 26th day of April, 1882, appointed receiver of the property of both defendants.

He, thereafter, duly qualified and entered upon the discharge of his duties; subsequently the plaintiff's receivership was duly extended in proceedings on three other judgments against the same defendants. Thereafter plaintiff, as such receiver, brought this action of replevin against this defendant to recover the possession of the property described in said chattel mortgage and in the complaint, or the value thereof in case a delivery could not be had; the action was tried by a jury in the Steuben County Court, and the plaintiff had a verdict for $800. On the 23d day of February, 1884, this cause was certified to the Supreme Court by Hon. HARLO HAKES, county judge of Steuben county, and thereafter a motion was made by the defendant at Special Term, on a case and exceptions, for a new trial, which motion was granted and a new trial ordered upon the ground as stated in a memorandum by the justice holding said term : " That an action for a claim and delivery of personal property cannot be maintained by a receiver appointed in supplementary proceedings in a case where the judgment debtor had transferred the property before the appointment of the receiver and the mortgagee had taken possession of the property by virtue of such mortgage." From that order this appeal is taken.

*Beard & Griffin,* attorneys (*De Merville Page,* of counsel) for the appellant.

*William E. Bonham,* attorney (*A. Hadden,* of counsel), for the respondent.

SMITH, P. J.:

This action was brought by the plaintiff as receiver of the property of Elizabeth I. Chase and Jen. D. Chase, appointed in proceed-

ings supplementary to execution, to recover of the defendant the possession of certain personal property which the plaintiff alleged belonged to the judgment debtors in said proceedings. The defendant claimed said property under the foreclosure of a chattel mortgage which was executed to him by the judgment debtors and duly filed, and he had purchased the property at a sale under said mortgage prior to the commencement of said supplementary proceedings. The plaintiff contended that the mortgage was void as against creditors, on the ground that it was executed with a fraudulent intent, and also on the ground that it was accompanied by a parol agreement that the mortgagors should retain the possession of the property, sell it and apply the proceeds, or so much thereof as should be necessary, to the support of the family of one of the mortgagors.

A prominent question in the case is whether the plaintiff, as such receiver, can maintain an action at law against the mortgagee and purchaser under the mortgage, to recover the possession of the property, assuming that the mortgage is void for the reasons above stated or either of them. The case is now before us upon a re-argument ordered by the court. On the first argument the members of the court were of the opinion that the action could not be maintained by the receiver, and upon that ground affirmed the order of the Special Term granting a new trial. We all agree that the action could not have been maintained prior to the passage of the act (Laws 1858, chap. 314) to declare and extend the powers of executors, etc., the only remedy of a receiver in like cases, prior to that act, being an action in equity to set aside or remove the fraudulent mortgage. (*Bostwick* v. *Menck*, 40 N. Y., 383.) We are of the opinion that the plaintiff is not aided by that statute.

1. We think the class of receivers intended by the act are those who are vested, as such, with an entire estate, or with all the property and effects of an insolvent, for the benefit of all the creditors, and that a receiver appointed in supplementary proceedings for the benefit of a single creditor is not included. The sole object of supplementary proceedings is to procure payment of the debt of the creditor instituting them, out of the property of the judgment debtor; not to effect a distribution of the debtor's estate among all his creditors. True, other creditors may institute like proceedings

and have the receivership extended to their claims, but that circumstance does not alter the essential nature of the proceeding. The equitable remedy, above suggested, is not only ample, but is peculiarly appropriate, as thereby only so much of the debtor's property will be applied to the payment of the creditor represented by the receiver as shall be necessary for that purpose. But an action at law to recover the possession of a particular chattel can only be maintained upon the theory that the receiver is vested with the title to all the personal property of the debtor. If he may not recover the whole, by what rule shall the selection of a particular article be governed? And if he may recover the whole, by what process shall a court of law select and apply such part of it as shall be needed to pay the debt, and how shall it dispose of the surplus? The first section, we think, in terms, applies to receivers of the entirety. It uses the words, " receiver " * * * " of an estate, or the property and effects of an insolvent estate, corporation," etc. Those words necessarily imply a receivership of the whole estate, and not of a part. The section classes receivers with executors and administrators, whose title extends to the whole of the estates of the deceased person whom they represent, and that, too, for the purpose of distribution among all the creditors.

2. The title of a receiver in supplementary proceedings is limited by statute to the property of the judgment debtor. The provisions on the subject are found in sections 2468 and 2469, of the present Code of Procedure. The first of those sections provides that " the property of the judgment debtor " is vested in a receiver, who has duly qualified, from the time of filing the order appointing him, or extending his receivership, as the case may be, subject to certain exceptions not material to the present case. The next section provides that where the receiver's title to personal property has become vested, as prescribed in the last section, it also extends back, by relation, for the benefit of the judgment creditor in whose behalf the special proceeding was instituted, to certain stages of the proceeding preceding the appointment of the receiver, as specified in the several subdivisions of that section. The section concludes with these words : " But this section does not affect the title of a purchaser in good faith, without notice, and for a valuable consideration, or the payment of a debt in good faith and

without notice." The purchaser thus referred to, evidently is one who purchases during the period over which the proceeding is made to extend back by relation, as provided in the section, for the title of a purchaser in good faith, etc., prior to such period, certainly could not be affected by the proceeding, and no statute would be necessary to protect his rights. This implies clearly that the title acquired *within* that period by a purchaser without consideration or acting *mala fide*, or with notice of the proceeding, does not stand in the way of the title of the receiver, and it seems to imply also that a transfer of the legal title of the debtor, prior to that period, which is valid as between the parties to it, although fraudulent as to creditors, prevents the vesting in the receiver of the legal title to the personal property so transferred. Such property we apprehend cannot be said to be "the property of the judgment debtor" within the meaning of the section. In the present case the defendant acquired title long prior to the time to which the supplementary proceedings relate. In *Southard* v *Benner* (72 N. Y., 424) the plaintiff, an assignee in bankruptcy, was vested, by the express terms of the federal statute (U. S. R. S., § 5046), with all the property conveyed by the bankrupt in fraud of creditors, thus giving him, as Judge ALLEN remarked in that case, "a title to all property so conveyed." But if the views above expressed are correct, the title vested by statute in a receiver in supplementary proceedings does not extend to property transferred by the debtor, prior to the time at which the proceedings were commenced, or to which they relate back, and we think the position of such a receiver in respect to property in that situation is the same now as it was declared to be in *Bostwick* v. *Menck* (*supra*).

This construction gives full effect, we conceive, to the language of the act of 1858. It extends the powers of the several classes of trustees therein mentioned, by giving them the right to maintain appropriate actions at law for the purposes therein specified. Theretofore they were confined to their equitable remedies, with the exception of executors and administrators, who could sue at law under the Revised Statutes. (2 R. S., 449, § 17; *Babcock* v. *Booth*, 2 Hill, 181.) It is apparent from the similarity of language in the two acts that the later act was framed in view of the earlier one, and that the intention was to make the rights of the several

classes of trustees therein named uniform with those of executors and administrators, in respect to the particulars specified in the statute. In some respects, the later act enlarges the powers conferred by the previous statute upon executors and administrators, the second section giving a right to sue for the specific property fraudulently conveyed, as well as the right to recover the value thereof and damages, which was given to executors and administrators by the Revised Statutes.

The views above expressed are not in conflict with the cases cited by the learned counsel for the appellant. In none of those cases was a receiver in supplementary proceedings a party. Each of them was brought by a trustee, embraced in one of the classes described in the act of 1858, as we have interpreted it. We are, therefore, still of the opinion that the plaintiff cannot maintain this action.

For another reason we think the order under review should be affirmed. It appears by the case that the trial court, at the request of the plaintiff's counsel, charged the jury that the burden of proof was on the defendant to establish the good faith of the mortgage; which was excepted to. Also, that the defendant's counsel asked the court to charge that the burden of proof was on the plaintiff to establish the alleged fraud, which the court declined, and the defendant excepted. Immediately after the refusal above stated the court said: "I have instructed the jury sufficiently in reference to that. I give you the benefit of possession of the property to start with, in charging that the jury must find a better right to the property in the creditors than the defendant, before the plaintiff can recover." In view of the evidence, we think the charge and refusal were erroneous, and the error was not cured by the reference made by the judge to what he had previously charged. The evidence showed that the mortgage was duly filed. There was evidence tending to show that it was given for a good and sufficient consideration, and also that the subsequent possession of Chase, one of the mortgagors, was by the authority of the defendant, as his agent for that purpose, though upon the latter points the testimony was conflicting, and the judge submitted it to the jury to find whether the defendant put Chase in possession in good faith or as a mere cover. Under those

circumstances the *onus* of showing good faith was not upon the defendant, unless the jury should find that there was no change of possession. But the rulings of the court put that burden upon the defendant, irrespective of the question whether the possession of the property was changed. That was error prejudicial to the defendant.

For these reasons we think the order appealed from should be. affirmed, with costs.

BARKER and BRADLEY, JJ., concurred.

Order affirmed, with costs.