GEORGE W. STEPHENS, as Receiver of THE McCALL PUBLISH-
ING COMPANY, Respondent, *v.* MERIDEN BRITANNIA COM-
PANY, Appellant, Impleaded with ARTHUR H. PAGE et al.

1. CHATTEL MORTGAGE — STATUS OF UNFILED INSTRUMENT. While a
chattel mortgage, which was neither filed as required by law, nor accom-
panied by an immediate delivery, followed by an actual and continued
change of possession of the property mortgaged, is void as against judg-
ment creditors of the mortgagor, it is good as between the parties thereto,
and as against creditors at large.

2. RECEIVER IN SUPPLEMENTARY PROCEEDINGS — INABILITY TO MAIN-
TAIN ACTION AT LAW FOR PROPERTY OF JUDGMENT DEBTOR SOLD UNDER
IRREGULAR CHATTEL MORTGAGE BEFORE RECOVERY OF JUDGMENT CRED-
ITOR'S JUDGMENT. A receiver in proceedings supplementary to execu-
tion has no power to maintain an action at law for property, or the pro-
ceeds of property, of the debtor, taken and sold by the mortgagee under
a chattel mortgage made by the debtor, but which was neither filed when
given nor accompanied by an immediate change of possession, where the
taking and sale of the mortgaged property were consummated before the
appointment of the receiver or the recovery of the judgment on which
he was appointed, and at the time of the execution of the mortgage and
of the sale the creditor represented by the receiver was a general creditor
of the mortgagor, having no attachment or judgment.

3. REMEDY IN EQUITY. In such a case, the receiver's remedy is by an
action in equity to set aside the transfer of the debtor's property, if it was
in fraud of creditors.

4. RECEIVERS' STATUTORY POWERS. The act "to declare and extend
the powers of executors, assignees, receivers and other trustees" (L. 1858,
ch. 314; L. 1894, ch. 740), does not apply to receivers appointed in
proceedings supplementary to execution.

5. THEORY OF ACTION NOT CHANGEABLE FROM LAW TO EQUITY ON
APPEAL. Where an action has been brought as an action at law, and tried
and determined throughout on that theory, the claim that the evidence
was sufficient to support a bill in equity is not available in the Court of
Appeals as an answer to the objection that the plaintiff had mistaken his
remedy.

*Stephens* v. *Meriden Britannia Co.*, 13 App. Div. 268, reversed.

(Argued June 13, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
February 11, 1897, affirming a judgment in favor of plaintiff
entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinions.

*George S. Daniels* for appellant.   The plaintiff, as receiver of the McCall Publishing Company, could not bring an action for conversion.   (Code Civ. Pro. §§ 2468, 2469 ; L. 1858, ch. 314, §§ 1, 2 ; *Mandeville* v. *Avery*, 124 N. Y. 376 ; *Stephens* v. *Perrine*, 143 N. Y. 476 ; *Button* v. *Rathbone*, 126 N. Y. 187 ; *Jones* v. *Graham*, 77 N. Y. 628 ; *Kennedy* v. *N. U. Bank*, 23 Hun, 494 ; *Sullivan* v. *Miller*, 106 N. Y. 635 ; *Southard* v. *Benner*, 72 N. Y. 424 ; *Thompson* v. *Van Vechten*, 27 N. Y. 568 ; *Keller* v. *Paine*, 107 N. Y. 83 ; *Karst* v. *Gane*, 136 N. Y. 316.)   The defendant, the Meriden Britannia Company, having come into the possession of the property lawfully and without fraud, a demand upon it was necessary before suit was brought.   (Cooley on Torts, § 453 ; *Serat* v. *U., I. & E. R. Co.*, 102 N. Y. 681 ; *Gillet* v. *Roberts*, 57 N. Y. 28.)

*George W. Stephens* for respondent.   So far as creditors were concerned, the bill of sale to the defendants was void. (*Stephens* v. *Perrine*, 143 N. Y. 476.)   The court could not, as the proofs stood at the close of the trial, have dismissed the complaint.   (2 Rumsey's Prac. 192.)   The plaintiff, as receiver, represented the judgment creditor, and was entitled to maintain any action for conversion which the creditor could have maintained.   (*Porter* v. *Williams*, 9 N. Y. 142 ; *Bostwick* v. *Menck*, 40 N. Y. 383 ; *Dox* v. *Backenstose*, 12 Wend. 543 ; *Brownell* v. *Curtis*, 10 Paige, 210.)   The receiver had an absolute right to maintain an action for the recovery of the proceeds of this property.   (*Mandeville* v. *Avery*, 124 N. Y. 376 ; L. 1858, ch. 314.)   No demand was necessary before commencing the action.   (5 Am. & Eng. Ency. of Law [1st ed.], 528.)

VANN, J.   On the 19th of November, 1892, a foreign corporation, known as the McCall Publishing Company, gave to the Meriden Britannia Company, another foreign corporation, a bill of sale of certain printing machinery and materials to it

belonging, for the purpose of securing the payment of $900, then owing by the former to the latter for rent past due and unpaid. This instrument, which in legal effect was a chattel mortgage, was not filed until December 7th, 1892, owing to the request of the mortgagor and the promise of the managing agent of the mortgagee, that he would withhold it from record "if it did not conflict with the security." The property remained in the possession of the mortgagor until the 9th of January, 1893, when the mortgagee took possession of it by virtue of the mortgage, and twelve days later sold it to the firm of Page & Ringot for the sum of $900, its fair value.

When the mortgage was given the McCall Publishing Company was owing one Walter Logan about $1,700, and on the 8th of February, 1893, he recovered judgment for the amount of his claim. Upon the basis of this judgment the plaintiff was appointed receiver of the property of the judgment debtor in proceedings supplementary to execution, instituted about the 20th of February, 1893, and on the 6th of May following he commenced this action against the Meriden Brittania Company and the persons composing the firm of Page & Ringot, to recover damages for the conversion of said property by them on the 9th of January preceding.

Upon the trial of the action the foregoing facts among others appeared, and at the close of the evidence for the plaintiff, as well as at the close of the entire evidence, the defendant's counsel moved to dismiss the complaint upon the ground "that an action for conversion will not lie under the proof adduced, and that the plaintiff has mistaken his remedy." This motion was denied, and the court directed a verdict in favor of the plaintiff for the sum of $900, with interest for three years, amounting in all to $1,062, the defendants duly excepting. Upon appeal to the Appellate Division, that court reversed the judgment and granted a new trial as to the defendants Page & Ringot, but affirmed it as to the Meriden Britannia Company, which now comes here.

As the mortgage was neither filed as required by law, nor accompanied by an immediate delivery, followed by an actual

and continued change of possession of the property mortgaged, it was void as against judgment creditors of the mortgagor. (L. 1833, ch. 279; *Stephens* v. *Perrine*, 143 N. Y. 476; *Sullivan* v. *Miller*, 106 N. Y. 635; *Jones* v. *Graham*, 77 N. Y. 628.) It was not, however, absolutely void, for it was good as between the parties thereto and as against creditors at large. It was only void as to judgment creditors, or creditors armed with some legal process authorizing the seizure of property. (*Button* v. *Rathbone*, 126 N. Y. 187.) It was not void as *malum in se* but as *malum prohibitum*. It was valid as to all the world until attacked by a creditor standing upon an attachment or judgment. When the Meriden Britannia Company took possession of the property and sold it to Page & Ringot, the McCall Company could not have maintained trover or conversion, because it had transferred the property by an instrument which authorized the sale, and was conclusive so far as that company was concerned. Mr. Logan, the creditor now represented by the plaintiff, could not, at that time, have questioned the transfer in any way because he was not then a judgment creditor, and no attachment had been issued in his favor. Neither the giving of the chattel mortgage nor the taking of possession by virtue thereof and the transfer to third parties, conferred, at the date of such transfer, any right of action upon the McCall Publishing Company or upon Mr. Logan. Upon the recovery of judgment and the return of execution unsatisfied, Mr. Logan was still without power to maintain an action at law, but he could then have upheld a suit in equity to set aside the transfer, so far as it was an obstruction to the collection of his debt.

When the receiver was appointed the property of the judgment debtor became vested in him. He was then in a position to bring any action relating to that property which the judgment debtor or the judgment creditor could have brought and none other. The judgment debtor, for instance, could have brought an action at law against any one who had taken its property without its consent, while the judgment creditor could have brought an action in equity for taking the property

of the judgment debtor even with its consent, provided such taking was fraudulent as to creditors. The receiver, having the title of the judgment debtor, can maintain any action supported by that title, which the judgment debtor could have brought. Representing the judgment creditor, he can also maintain any action in equity to set aside a fraudulent transfer, which the judgment creditor could have brought. As he represents no one except the judgment debtor and the judgment creditor, he can bring no action except such as the one or the other could have brought. (*Bostwick* v. *Menck,* 40 N. Y. 383; *Metcalf* v. *Del Valle,* 64 Hun, 245; 137 N. Y. 545.) As was said by the court in *Bostwick* v. *Menck* (*supra*), "the appointment of the plaintiff as receiver of Beiser, made in the supplemental proceedings under the Code, vested in him the legal title to all the personal property of Beiser. (*Porter* v. *Williams,* 9 N. Y. 142; *Becker* v. *Torrance,* 31 N. Y. 631.) Such appointment conferred upon him the further right to prosecute such action, to set aside all transfers of property made by Beiser to defraud his creditors, as the creditors themselves could have maintained. * * * He acquires no right to the property by succession to the rights of the debtor, for the reason that the transfer is valid as against the debtor, and cannot be set aside by him as the debtor's successor; no rights other than those of the debtor are acquired. He does not acquire the legal title to such property by his appointment. That is confined to property then owned by the debtor, and the fraudulent transferee of property acquires a good title thereto as against the debtor, and all other persons except the creditors of the transferror; the only right of the receiver is, therefore, as trustee of the creditors. The latter have the right to set aside the transfer and to recover the property from the fraudulent · holder, and the receiver is, by law, invested with all the rights of all the creditors represented by him in this respect. It is clear that the right of the receiver representing the creditors, and acting in their behalf, is no greater than that of the creditors. What, then, are the legal and equitable rights of a creditor as to property fraud-

ulently transferred ?    Manifestly only to treat as void and set aside such transfer, so far as shall be necessary to satisfy his debt and costs.    He has no right to interfere with the transfer beyond this.    When his debt and costs are paid, the transfer is as valid as to him as to other persons."

The receiver cannot bring an action at law for the taking of property formally transferred before the recovery of the judgment, because neither the judgment debtor nor the judgment creditor could have brought it.    He can, however, by a bill in equity remove any obstacle, such as a fraudulent transfer, which, until set aside, would prevent him from taking possession of the property, and thereupon sell it and apply the proceeds upon the debt which he represents.    If the property has been consumed, or for any reason cannot be identified or followed, he can, in the same action, compel those legally responsible to account for it and pay over the value thereof to the extent necessary to satisfy the debt or debts represented by him, as well as the costs and expenses.    He cannot, however, uphold an action at law for the conversion of property transferred, even in fraud of creditors, before he was appointed receiver, because that is not " the property of the judgment debtor" within the meaning of section 2468 of the Code of Civil Procedure, which is the source of his power. ( *Ward* v. *Petrie*, 157 N. Y. 301; *Pettibone* v. *Drakeford*, 37 Hun, 628.)

The title of the plaintiff is not strengthened nor is his power increased by the act of 1858 " to declare and extend the powers of executors, assignees, receivers and other trustees." (L. 1858, ch. 314; L. 1894, ch. 740.)    While the language of the statute is general in form, it obviously includes only such trustees as take the entire estate for the benefit of all the creditors, whereas a receiver in supplementary proceedings represents simply the creditor who brought about his appointment and such as caused the receivership to be extended to their claims, each of whom is entitled to payment in full in the order of diligence in instituting proceedings. (Code Civ. Pro. §§ 2466, 2469.)    The object of the one statute is to secure distribution of all the effects of an insolvent, without

any preference except such as is required by law, and of the other to simply collect the debt of a single creditor in full, and if there is anything left another creditor by prompt action may secure enough to pay his debt, and so on in the order in which proceedings are begun. The legislature, by classifying certain receivers with executors and others, who take the entire estate for the benefit of all creditors, indicated an intention to include only such receivers as take all, for the benefit of all, and not those who take all or a part, as the case may be, for the benefit of one only. (*Bostwick* v. *Menck, supra.*) The statute provides that " any executor, administrator, receiver, assignee or trustee of an estate, or the property and effects of an insolvent estate, corporation, association, partnership or individual, may for the benefit of creditors or others interested in the estate or property so held in trust, disaffirm, treat as void, and resist all acts done, transfers, and agreements made, in fraud of the rights of any creditor, including themselves and others, interested in any estate or property held by or of the right belonging to any such trustee or estate." As was said in *Pettibone* v. *Drakeford (supra)*, " these words necessarily imply a receivership of the whole estate and not of a part." This theory is confirmed and the method of attack is indicated by the next sentence of the act, which provides that "any creditor of a deceased insolvent debtor, having a claim or demand against the estate of such deceased debtor exceeding in amount the sum of $100, may, in like manner, for the benefit of himself and other creditors interested in the estate or property of such deceased debtor, disaffirm, treat as void, and resist all acts done, and conveyances, transfers and agreements made, in fraud of the right of any creditor or creditors, by such deceased debtor, and for that purpose may maintain any necessary action to set aside such acts, conveyances, transfers or agreements ; and for the purpose of maintaining such action, it shall not be necessary for such creditor to have obtained a judgment upon his claim or demand, but such claim or demand, if disputed, may be proved and established upon the trial of such action."

We think that the act of 1858, as amended in 1894, does not apply to receivers appointed in proceedings supplementary to execution.

The claim of the respondent, that the judgment should be affirmed because the evidence is sufficient to support a bill in equity, is not well founded. The complaint is in the form of a pure action at law to recover damages for the conversion of personal property with no allegation to suggest a court of equity as the forum resorted to, except those essential to show the appointment of the plaintiff as receiver, and hence that he had a legal capacity to sue. The plaintiff alleged that the defendants took possession of the property in question and "unlawfully converted and disposed of the same to their own use," and that the damages sustained thereby amounted to $3,000. The only relief demanded is for the recovery of that sum and costs. There is not even a prayer for general relief. The trial was had without objection, in the usual way, before a jury; the verdict rendered was simply for a definite sum of money, and when the defendants moved to dismiss because the plaintiff had mistaken his remedy, as an action at law would not lie, no suggestion was made that the court should grant relief in equity, and no such relief was granted. The fact that the judgment roll, execution and return thereof were read in evidence without objection did not authorize the court to award equitable relief, as such evidence was not received for that purpose, but simply to show that the plaintiff was duly appointed receiver. No motion was made to amend the complaint, and it stands as it was drawn, a pleading in a strict action at law.

The theory of the action as gathered from the complaint, the method of trial and the practice followed throughout the history of the case have fastened it unchangeably on the law side of the court. It was brought there and tried there, and there it must remain so far, at least, as this appeal is concerned.

We think that the judgment should be reversed and a new trial granted, with costs to abide the event.

24

BARTLETT, J. (dissenting). The plaintiff as a receiver in supplementary proceedings, representing a creditor of the McCall Publishing Company, recovered a judgment against the Meriden Britannia Company for nine hundred dollars and interest, the amount received on the sale of property belonging to the McCall Company, which the Britannia Company had wrongfully converted to its own use. The Appellate Division, first department, sustained the recovery, and I agree with the reasoning of that learned court.

The precise question here presented lies within a very narrow compass.

The chattel mortgage given by the McCall Company to the Britannia Company was "absolutely void as against the creditors of the mortgagor," in the language of the statute (Laws 1833, ch. 279, § 1), there having been neither actual and continued change of possession of the property, nor a filing of the instrument.

The plaintiff represents a judgment of about seventeen hundred dollars, and seeks to apply thereon the sum of nine hundred dollars in the custody of the fraudulent mortgagee, who took possession of the property under the provisions of the chattel mortgage and sold it.

It is to be observed that here is a question between a judgment creditor, as to whom the statute says this mortgage is "absolutely void," and a fraudulent mortgagee, who holds money to all of which the plaintiff is entitled, as it is less than the judgment he represents as receiver. There is no complaining creditor — no innocent third party — seeking to enforce his claim, and the bald question is whether the receiver, as between himself and the mortgagee, can treat this mortgage as "absolutely void," as the statute declares it to be, and reach the proceeds of a conversion in an action at law which is insufficient to pay his judgment, or whether he is driven to the empty form of an action in equity to set aside an instrument which, as to him under these peculiar circumstances, is waste paper. In other words, is the mortgage to be held voidable only as to him, although the statute says it is "absolutely void?"

I am of opinion that, as between this judgment creditor and

mortgagee, the title to the mortgaged property never, in law, passed out of the McCall Company, and if the latter had sold the same and received of proceeds twice the amount of the judgment now sought to be collected, the plaintiff could have recovered the full amount of the judgment and interest. (*Bostwick* v. *Menck,* 40 N. Y. 383.)

The counsel for the plaintiff did, indeed, sue for three thousand dollars, the alleged value of the property, but at the trial he limited the recovery to the amount of nine hundred dollars realized by the mortgagee at the sale, thus presenting the question, as between the judgment creditor and mortgagee, divested of the rights of third parties.

The language of Judge PECKHAM, in *Stephens* v. *Perrine* (143 N. Y. 476), is very much in point.

That learned judge said, in referring to an unfiled chattel mortgage like the one at bar : " The mortgage, as to the creditors of the mortgagor, was always void. It continued to be void notwithstanding the fact that the mortgagee assumed to take possession under and to sell the property by virtue of such void instrument. As between these mortgagors and creditors, it was the same as if the mortgage did not exist, and the mortgagee could not, as against these creditors, obtain any rights under it. * * * As against them the mortgagee could not rightfully take the property by virtue of this void instrument, and if she did take in spite of the fact that the mortgage was void and no protection to her, how could she secure any further or greater right by the sale of the property and the receipt of its value ? * * * If void, what right has the mortgagee, as against creditors, to take possession in her character of mortgagee and to sell or dispose of property described in it ? Clearly she has none, and she does not acquire any by the celerity of her movements in seizing and selling property under it."

It is true that the precise question now presented to the court as to remedy was not up in the case last cited, but this fact does not render the reasoning in the foregoing quotation any the less cogent.

That action was brought by a receiver in supplementary proceedings to set aside a chattel mortgage and to recover the property covered by it or its value, and it was sustained.

Under the peculiar facts of the case at bar the statement that the mortgage was valid as between the parties and as to all the world, except creditors of mortgagor, has no controlling force — the plaintiff was entitled to all the proceeds of the conversion and no third party had a valid claim.

The judgment creditor represented by the plaintiff was, under the facts disclosed, entitled to act as if the mortgage never existed and treat the mortgagee as a naked trespasser in entering upon the premises of the McCall Company and converting its property. This was his statutory right and not a cause of action that he derived from the judgment debtor. The action before us is one in which the judgment debtor never had part or lot, and the fact that the mortgage was valid as between the mortgagor and mortgagee is immaterial.

In *Mandeville* v. *Avery* (124 N. Y. 376) this court held that the term "creditors" includes all persons who were such while the chattels remained in the possession of the mortgagor under the agreement, and their rights are not affected by the fact that they did not obtain judgment, or a specific lien, until after delivery of property to the mortgagee; that the right of the creditor to collect his debt out of the mortgaged chattels may not be defeated by the mortgagee, simply by selling the property. The court said (p. 387): "The mortgage being void, all proceedings under it were void, and although he" (the mortgagee) "may possess an honest claim, he cannot retain property obtained by him under a fraudulent mortgage against a pursuing creditor."

It is also true in the case last cited that the question now presented as to the form of the remedy was not up, but the reasoning proceeds upon the assumption that, as to the creditor, the mortgage is as if it never existed.

It was an action in equity to set aside the mortgage and compel defendant to account for proceeds.

It is insisted by the appellant that the case of *Ward* v.

*Petrie* (157 N. Y. 301) is an authority against the maintenance of such an action as this. The precise question decided in that case was that a receiver in supplementary proceedings has no authority as such to maintain an action at law to recover damages from the judgment debtor and another for a fraudulent conspiracy to prevent the collection of the judgment creditor's debt, carried into effect before the entry of judgment and the commencement of the proceedings which resulted in the appointment of the receiver. It is true that in the opinion of the case last cited it is said : " The title to property, however, transferred by the judgment debtor in fraud of creditors, prior to the service of the order for examination upon him, is good as against the receiver until he has caused the transfer to be set aside by a decree in equity," and cites *Bostwick* v. *Menck* (40 N. Y. 383).

*Bostwick* v. *Menck* was an action brought to set aside a fraudulent assignment, and, consequently, the form of the action was not under consideration, and the situation in the case at bar did not exist. The point decided in that case was that a receiver in supplementary proceedings should be limited in his recovery to an amount sufficient to cover the judgment and interest, together with the costs of the proceedings, although the assigned property in the hands of the assignee was of much greater value. In the case before us this rule was observed.

It was held nearly fifty years ago in this court, in the case of *Porter* v. *Williams* (9 N. Y. 142), that " the receiver appointed under supplementary proceedings does not stand merely in the place of the debtor, but represents the creditors, and can thus impeach the fraudulent sales of the debtor. The assignment sought to be set aside in this case was good between the parties. The fraudulent grantor could not impeach his own grant. * * * But the receiver, succeeding to the rights of the debtor, represents other interests than those of the debtor. He comes in by the act of the law and not by the act of the party."

In the case at bar the receiver does not stand in the shoes

of the judgment debtor, but is seeking to enforce a remedy conferred upon him by the statute. (Laws 1833, ch. 279, § 1.)

In attacking voidable instruments a receiver is clothed with all the rights of the judgment debtor and judgment creditor, and as to instruments absolutely void as to creditors the receiver may, as the creditor might, as between himself and the fraudulent mortgagee, treat the instrument as waste paper, and proceed as if the property sought to be conveyed by it had never left the possession of the mortgagor or grantor except by the wrongful act of the mortgagee, and maintain an action for conversion.

I am of opinion that this plaintiff might rely upon the act of 1858 (Ch. 314) to sustain his present position, but do not deem it necessary to consider that question as his cause of action is complete without it.

This action is clearly maintainable on principle, and there is no case in this court that has been brought to my attention that is authority to the contrary.

· I vote for the affirmance of the judgment.

PARKER, Ch. J., O'BRIEN, HAIGHT and MARTIN, JJ., concur with VANN, J., for reversal, etc.; GRAY, J., concurs with BARTLETT, J., for affirmance.

Judgment reversed, etc.