GEORGE A. HAYNES et al., Appellants, *v.* JOHN I. BROOKS et al., Respondents.

The firm of B. & Co., of which defendant B. was a partner, had existed several years prior to September 9, 1883; on that day E., the other member, died. B. continued using the assets of the firm in transacting a like business under the firm name. He acquired new assets and incurred new liabilities, which were treated by him as belonging to the late firm and to him as surviving partner. In February, 1884, B. became indebted to the plaintiffs for goods purchased in the name of B. & Co., plaintiffs knew at the time that E. was dead. Plaintiffs recovered a judgment against B. for the purchase-price, and an execution thereon was returned unsatisfied May 29, 1884. Before this B., individually, and as the surviving partner of B. & Co., executed a preferential general assignment which covered the property owned by the firm when E. died, that acquired thereafter by the dealing of B. in the name of the firm, and that owned by him and not acquired or used in connection with the firm business. The preferred debts were mostly contracted by the firm before the death of E. and the balance by B. in the firm name thereafter, but were, except one, renewals of obligations made by the firm before E.s death. The assignee was directed, after paying the preferred creditors in full, to pay " all the other debts, demands and liabilities whatsoever now existing, whether due or to become due, against the said firm " or against B. as the survivor thereof In an action to set aside the assignment as fraudulent against creditors, *held,* that, assuming the rule, that an assignment which devotes property belonging to a firm to the payment of the individual debts of a member of the firm is void as against firm creditors, applies to an assignment made by a surviving partner, plaintiffs were not in a position to avail themselves of this objection, as they were individual creditors of B., and only firm creditors who were injured could complain; also, that plaintiffs could not prosecute the action for the sole benefit of firm creditors who do not complain.

A sole surviving partner can, without the assent of the representative of the deceased partner, make a valid general preferential assignment of the property of the firm for the benefit of its creditors.

Reported below, 42 Hun, 528.

(Argued October 24, 1889; decided November 26, 1889.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1886, which affirmed a judgment

in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought to set aside an assignment by John I. Brooks for the benefit of creditors as fraudulent and void.

For several years before September 9, 1883, John I. Brooks and Edward C. Brooks were dealers in pork and lard, as partners, under the firm name of John I. Brooks & Co. They owned real estate paid for by the firm and used for its purposes, which was held under deeds running to John I. Brooks and Edward C. Brooks, as grantees. On the date named, Edward C. Brooks died intestate, and thereafter letters of administration were duly issued to his widow. At this date the firm had assets and liabilities; but whether it was then solvent or insolvent does not appear. After the death of Edward C. Brooks, John I. Brooks continued to use the assets of the firm in transacting a like business in the name of the firm, and acquired new assets and incurred new liabilities. The liabilities incurred and the assets acquired were treated by John I. Brooks as the property of the late firm and as belonging to him as surviving partner.

In February, 1884, John I. Brooks became indebted to the plaintiffs in the sum of $1,944.85, for property purchased in the name of John I. Brooks & Co., but the plaintiffs knew when the goods were sold that Edward C. Brooks was dead. On the 18th of April, 1884, the plaintiffs duly recovered a judgment against said John I. Brooks for said indebtedness, on which an execution was issued and returned wholly unsatisfied May 29, 1884. On the 3d day of March, 1884, John I. Brooks, individually and as the surviving partner of John I. Brooks & Co., executed a preferential general assignment to David S. Brown, who accepted the trust. The assigned property consisted of: (1.) That owned by John I. Brooks & Co. at the death of Edward C. Brooks. (2.) That acquired after the death of Edward C. by the dealings of John I. Brooks in the name of the firm. (3.) That owned by John I. Brooks, individually, and not acquired or used in connection with the business transacted by or in the name of the firm. The outstanding debts

were : (1.) Those incurred by John I. Brooks & Co. (2.) Those incurred by John I. Brooks in the name of the firm after the death of his partner. (3.) Those incurred by John I. Brooks, individually, but not in connection with the business carried on by or in the name of the firm. The assignment conveyed all of the property of the late firm and the individual property of the assignor. It directed the assignee to pay in full eleven creditors named in Schedule A, whose claims aggregated $19,467.68, of which $11,264.83 was contracted by the firm before the death of Edward C. Brooks, and the remainder by John I. Brooks since the death of Edward C. in the name of the firm, but they were, in fact, save one, renewals of obligations made by the firm before the death of Edward C. Brooks. After providing for the payment in full ·of said preferred creditors, the assignment provides that " the said party of the second part (the assignee) shall pay and discharge all the other.debts, demands and liabilities whatso-·ever, now existing, whether due or to become due, against the said firm of John I. Brooks & Company, or against said party of the first part as the survivor thereof."

The court found that the preferred debts were justly due and owing to the creditors preferred, and that the assignment was made in good faith and without intent to hinder, delay or ·defraud the plaintiffs, or any of the creditors of the firm, or of John I. Brooks, which finding is not challenged

Further facts are sufficiently stated in the opinion.

*George W. Van Slyck* for appellants. All of the original property of the assignor being conveyed by the assignment for the payment of the firm debts, and no provision being contained therein by which the surplus, if any, was reserved for the payment of individual creditors, the assignment was fraudulent and void as to individual creditors. (*Collumb* v. *Caldwell,* 16 N. Y. 484; *Sutherland* v. *Bradner,* 39 Hun, 134, 136; *In re Davis,* 1 How. Pr. [N. S.] 80; *Barney* v. *Griffin,* 2 N. Y. 365.) The fact that the assignor inserted in

his schedules of liabilities debts incurred by him in his individual business after the death of his partner among the liabilities of the firm, does not change the nature of the liability or make it a firm instead of an individual liability. (*Warner* v. *Jaffray*, 96 N. Y. 248 ; *Burghard* v. *Sondheim*, 18 J. & S. 116.) The appropriation by an insolvent firm of partnership property to the payment of the individual debts of one partner is not simply void, but is fraudulent and avoids the deed of assignment. (*Wilson* v. *Robertson*, 21 N. Y. 587 ; *Pratt* v. *Stevens*, 94 id. 387 ; *Greer* v. *Greer*, 38 Hun, 226 ; *Woodward* v. *Downer*, 13 Vt. 524 ; *Turner* v. *See*, 57 N. Y. 667 ; *Parker* v. *Cousins*, 2 Gratt. [Va.] 389 ; *Van Valkenburgh* v. *Bradley*, 14 Iowa, 108–112 ; *Sanford* v. *Mickles*, 4 Johns. 224 ; *Nat. Bk. of Newburgh* v. *Bigler*, 83 N. Y. 51 ; 18 Hun, 400 ; Collyer on Partnership [6th ed.] 172 ; *Cheeseman* v. *Wiggins*, 11 T. & C. 595.)

*F. A. Paddock* for respondents. The objection that John I. Brooks conveyed partnership property to pay individual debts the appellants are not in a situation to make, as they were not partnership creditors. (*Crooks* v. *Rindskopf*, 105 N. Y. 476 ; *Williams* v. *Whedon*, 109 id. 333.) In respect to the real estate conveyed as partnership property by John I. Brooks, as surviving partner, if it was partnership property, it passed. (*Delmonico* v. *Guilleaume*, 2 Sand. Ch. 366 ; *Shanks* v. *Klein*, 104 U. S. 18.)

FOLLETT, Ch. J. A sole surviving partner can, without the assent of the representatives of the deceased partner, make a valid general preferential assignment of the property which belonged to the firm for the benefit of its creditors. (*Williams* v. *Whedon*, 109 N. Y. 333.) The provision in the assignment which devotes the individual property of John I. Brooks to the payment of the creditors of the firm is valid. (*Crook* v. *Rindskopf*, 105 N. Y. 476.)

The plaintiffs assert that the assignment devotes property which belonged to the firm to the payment of the individual debts of John I. Brooks, and is, for that reason, void. Assum-

ing the rule laid down in *Wilson* v. *Robertson* (21 N. Y. 587) to be applicable to an assignment executed by a surviving partner under the circumstances disclosed in this record, the plaintiffs are not in a position in this action to avail themselves of this objection. It is the creditors of the firm who are injured by the provision which devotes firm property to the payment of individual creditors. The plaintiffs are the creditors of John I. Brooks, and became such with knowledge of the death of Edward C. Brooks. They are not defrauded, nor hindered, nor delayed in law or in fact by the application of firm property to the payment of the creditors of John I. Brooks, but are benefited.

A judgment setting aside the assignment, as to these plaintiffs, would afford them no remedy against the firm property, and they cannot prosecute this action for the sole benefit of the creditors of the firm who do not complain. (*Bostwick* v. *Menck*, 40 N. Y. 383 ; *Royer Wheel Company* v *Fielding*, 101 id. 510 ; *Crook* v. *Rindskopf*, 105 id. 476 ; *Williams* v. *Whedon*, 109 id. 333, 338.)

The plaintiff's debt was contracted by John I. Brooks as surviving partner of the firm, though in law it is his individual debt, and it is very clear that their claim was intended to be, and is, embraced within the debts directed by the fourth clause to be paid by the assignees.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.