DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## October, 1893.

WILLIAM B. ROE, Respondent, *v.* ALEXANDER HUME and Another, Appellants.

*General assignment — an individual indebtedness, not a firm obligation — a judgment and execution against the assignor "as survivor" is not defective — necessity of notice to the assignor by another judgment creditor seeking the benefit of the decree adjudging the assignment to be void.*

Upon the trial of an action brought by a judgment creditor to set aside an assignment for the benefit of creditors, executed by his judgment debtor, individually, and as survivor of the firm of which he was a member, testimony was given, and it appeared by the verified schedules made by the assignor and assignee, that the assignor was indebted for money loaned to him individually, and which, for the most part, was secured by mortgages upon his individual property. The assignor testified that the amount of such indebtedness was applied to the benefit of, and used by the firm of which he was a member. It was also shown that the entire amount of such indebtedness was not loaned to the firm or upon its credit.

*Held*, that a refusal by the court to find that such indebtedness was a firm obligation, was correct.

It appeared that an execution was issued on a judgment recovered against the assignor "as survivor," which execution directed the sheriff to satisfy the judgment out of the property of the judgment debtor.

*Held*, that neither the judgment nor the execution was defective by reason of the former not having been entered, and the latter not having been issued, against the assignor individually and as survivor.

The judgment in the action adjudging the assignment to be fraudulent and void, provided that any judgment creditor of the defendant might come in and have

the benefit of the decree upon application to the court, previous notice of such application being first given to the plaintiff's attorneys.

*Held,* that it should have also provided that notice be given to the judgment debtor as well as to the judgment creditor.

Appeal by the defendants, Alexander W. Hume and Asa A. Spear, as assignee for the benefit of creditors of Alexander W. Hume individually and as surviving member of the firm of A. W. & T. Hume, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 3d day of March, 1893, upon a decision of the court rendered at the New York Special Term, adjudging the assignment made and executed by Alexander W. Hume individually and as surviving partner of the firm of A. W. & T. Hume to Asa A. Spear, to be fraudulent and void, and appointing a receiver of the assets of such late firm.

*Payson Merrill,* for appellant Spear.

*James L. Bishop,* for appellant Hume.

*Alexander Thain,* for the respondent.

O'Brien, P. J.:

The general assignment for the benefit of creditors was made by Hume to Spear, and this action was brought to set it aside upon two grounds : (1) Fraud appearing on the face of the assignment itself ; and (2) fraud appearing outside of the assignment as matter of fact.

The assignment recited that it was made by Hume individually and as surviving partner in the late firm of A. W. & T. Hume. It first provided for the payment of certain preferred partnership debts, and thereafter directed, by the fourth paragraph, payment *pro rata* of the individual debts of A. W. Hume out of the firm property, without first providing for the payment of firm debts in full. This has been held in the leading case of *Wilson* v. *Robertson* (21 N. Y. 587), which has been approved and followed in many subsequent cases, to be fatal to the validity of an assignment. (*Crook* v. *Rindskopf,* 105 N. Y. 476 ; *Booss* v. *Marion,* 129 id. 541 ; *Haynes* v. *Brooks,* 116 id. 487.)

It is insisted, however, by the appellants that, even if the language of the assignment permitted an illegal appropriation of the firm property to the payment of individual debts, the impossibility of an

advantage from the supposed fraud, appearing from the facts in this case, repels the idea of any fraudulent intent. Thus it is urged that there are no individual debts which are not also firm obligations, and that, therefore, no prejudice can arise to the partnership creditors.

In *Booss* v. *Marion* (*supra*) it is said : " In case of such an assignment it has been held (*Hurlbert* v. *Dean*, 2 Keyes, 97), if it be shown and found as a fact that there are no individual debts thus provided for, the presumption of fraud may be repelled and the assignment upheld. \* \* \* And in *Crook* v. *Rindskopf* (*supra*), the assignment having provided first for the full payment of firm creditors, such creditors, it was said, were not aggrieved, for the intention could not have been to defraud them by providing for the payment of individual creditors thereafter, even though the individual partners owned unequal amounts of individual property, which might be affected by a provision to pay the debts with the surplus *pro rata.* It never has been held that, in a case where partnership assets have been by the assignment devoted in certain contingencies to the payment of individual debts, while a portion of the partnership debts remained unpaid, the stamp of fraud which the law places upon such a transaction can be rebutted by any evidence that the parties did not intend to commit a fraud."

In this case there is a finding that there are individual debts amounting to about $25,000, and this finding is sustained not only by the testimony, but by the verified schedules made by the defendants. But the appellants insist that these were in addition obligations of the firm, and that, therefore, no injury resulted. We think, however, that the refusal to find that these were also firm obligations was justified. It is true that it was testified to by the defendant Hume that this indebtedness of $25,000 for money loaned to him individually, and which for the most part was secured by mortgages upon his individual property, was applied to the benefit of and used by the firm. This, however, did not necessarily make it a firm obligation, because it might well have been that this was a contribution by the individual member of the firm to the firm's capital, or a payment of an indebtedness of the individual to the firm. But whether it was or not, it is clear that all of this money was not loaned by the creditors to the firm, or upon the credit of the firm,

but was loaned to Hume individually; and in view of the verified statement that these were individual debts secured by mortgages on individual property, we think the judge below was right in his refusal to find that they were firm obligations.

The appellants are not, therefore, in a position to avail themselves of the plea that there was no possibility of the firm creditors being injured by this provision in the assignment.

Our conclusion upon this branch of the case renders it unnecessary to pass upon the question whether or not the failure to properly state the Feeter indebtedness and the security therefor, or the additional indebtedness of $5,000 omitted from the schedule and which would appear to be a debt of the son which was assumed by the defendant Hume, rendered the assignment fraudulent as matter of fact.

Appellants' further contention that the plaintiff cannot maintain this action for the reason that no execution has been issued as required by law, and, therefore, that the creditor has not exhausted his remedy, is not, we think, tenable. It is true the execution recites a judgment recovered against A. W. Hume, " as survivor," and directs the sheriff to satisfy the same out of the property of the judgment debtor. The use of the phrase " as survivor " in no way limited the remedy of the judgment creditor against the partnership property and the individual property of Alexander W. Hume. A judgment entered against him as survivor, and an execution issued thereon became a lien immediately upon his individual property, and that which, by reason of the death of his partner, became his by virtue of his survivorship. That this is so becomes evident when we consider the obligation resting upon the surviving partner, and his right to the assets of the firm. Upon such death, not only did the survivor continue his personal liability for the debts of the firm, but he became the owner of the property belonging to the firm, and primarily liable for its debts.

We do not think, therefore, that the judgment or execution was defective, in the former not having been entered or in the latter not having been issued against Hume individually and as survivor; but we think that the form in which the judgment was entered and the execution issued thereon made it a lien upon his individual property, and that which by virtue of his survivorship he obtained.

There is one provision, however, in the judgment which should be modified. It provides : " That any other judgment creditor of the defendant * * * may come in and have the benefit of this decree upon application to the court, previous notice of such application being first given to the plaintiff's attorney." It should have provided that a notice should be given to Alexander W. Hume as well as the plaintiff.

The judgment appealed from should be modified accordingly, and, as so modified, affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment modified as directed in opinion, and, as modified, affirmed, with costs.